**Samuel GARZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–88–599.**

Court of Appeals of Texas, Corpus Christi.

June 29, 1990.

Rehearing Overruled Aug. 31, 1990.

Discretionary Review Refused Nov. 21, 1990.

Joseph A. Connors, III, McAllen, for appellant.

Rene Guerra, Dist. Attys. Office, Edinburg, for appellee.

Before NYE, C.J., and KEYS and BENAVIDES, JJ.

OPINION

KEYS, Justice.

A jury found appellant guilty of aggravated robbery and assessed punishment at 18 years in prison. We reform the judgment of the trial court to delete the restitution finding and affirm as reformed.

In his first five points of error, appellant contends that the trial court's judgment, which set the amount of restitution at $4,500, is not supported by the evidence. The State concedes that the record is "clearly devoid of evidence to provide the required factual basis for the trial court's determination of the amount of restitution." Since the State concedes error, we sustain appellant's points of error and reform the trial court's judgment to delete that portion of the judgment setting the amount of restitution. *See Botello v. State*, 693 S.W.2d 528, 530 (Tex.App.—Corpus Christi 1985, pet. ref'd).

In points of error six and seven, appellant challenges the sufficiency of the evidence. In point six, he specifically contends that in light of his alibi defense and supporting evidence, the jury's guilty verdict is against the great weight and preponderance of the evidence. In point seven, he contends that the evidence is insufficient to show that the knife used in the robbery was a deadly weapon. We summarize the evidence introduced before addressing each particular point.

Cynthia Molina testified that she had just gotten into her car and was closing her car door at the mall in McAllen when a man appeared and grabbed the door. Molina identified appellant as that man. The two struggled over the door, and appellant eventually was able to pull it open. Appellant had a knife out and he put it at her ribs. The victim described the knife as follows:

It had a—Well, it was a long silver blade, long, and it was a—it had a silver handle. It was just a long blade, a dagger type ... I don't know whether it was a switchblade or what.

\* \* \* \* \* \*

Well, it [the knife] was about this long, six or eight inches.

Appellant told her to give him all her money and said that he would kill her if she did not do as he said. Appellant made Molina move over, and he got into the car and began driving. He then made Molina take off her rings and watch. He said he was going to kill her, and he kept the knife pointed at Molina's side. As they left the mall, appellant stopped and allowed Molina to leave the car. Appellant left in Molina's car, and she ran back to the mall for help.

Officer Miguel Alcantar testified that when Molina's car was recovered the police tried but were unable to lift fingerprints from the steering wheel because the vehicle had a "fancy" steering wheel cover. Police also were unable to get any prints off the ignition or rear view mirror. The police did lift one print from the back left window but could not identify it. It did not belong to appellant.

Appellant's witness Anabel Maris testified that she was with appellant, her brother-in-law, at the time Molina was robbed. Appellant testified that he spent the day of the robbery with his brother and that they were picking up Maris at her job at the time of the robbery. Appellant denied committing the robbery or being at the mall.

■ Appellant contends that the jury's verdict is against the great weight and preponderance of the evidence. In *Meraz v. State*, 785 S.W.2d 146, 154 (Tex.Crim. App.1990), the Court of Criminal Appeals held that the Texas Courts of Appeals have the constitutional authority to determine if a jury finding on a defendant's affirmative defense is against the great weight and preponderance of the evidence. The Court "express[ed] no opinion of the role of the court of appeals in reviewing the sufficiency of the evidence relative to the proof of the elements of the offense." *Meraz*, 785 S.W.2d at 156. Assuming a "great weight and preponderance review" is permissible in a criminal case, we find that the jury's verdict is not against the great weight and preponderance. Although the evidence conflicts, the jury obviously chose to be-

lieve the victim's identification of her assailant. The victim was attacked in mid-afternoon and had ample opportunity to view the assailant. The mere fact that appellant denied committing the crime, offered an alibi, and supported his alibi with the testimony of another witness does not mean that the jury's verdict is against the great weight and preponderance of the evidence. Appellant's sixth point of error is overruled.

■ In point seven, appellant contends that the evidence fails to establish that appellant's knife was a deadly weapon. The knife used to threaten the victim was not recovered. Therefore, only the victim's above testimony about the knife was before the jury for it to consider.

■ A knife is not a deadly weapon per se. *Blain v. State*, 647 S.W.2d 293, 294 (Tex.Crim.App.1983). To determine if the evidence is sufficient to support a jury's finding that a knife was a deadly weapon, an appellate court reviews evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found that the knife was capable of inflicting death or serious bodily injury by the manner of its use and intended use. *See Williams v. State*, 732 S.W.2d 777, 780 (Tex.App.—Corpus Christi 1987, no pet.).

This Court and the Court of Criminal Appeals have written extensively on what evidence supports a jury finding that a knife is a deadly weapon. *See Tisdale v. State*, 686 S.W.2d 110, 113–115 (Tex.Crim. App.1984); *Sweeten v. State*, 686 S.W.2d 680, 683–685 (Tex.App.—Corpus Christi 1985, no pet.); *see also Zimmerman v. State*, 754 S.W.2d 402, 404–405 (Tex.App.— Corpus Christi 1988, pet. ref'd).

In this case, appellant held a lengthy knife to the victim's ribs and threatened her with death. A rational trier of fact could have found beyond a reasonable doubt that the knife, in its manner of use and intended use, was capable of causing death and serious bodily injury. Appellant's seventh point of error is overruled.

In points of error eight through ten, appellant argues that the trial court's charge included, over his objection, an overbroad definition of "intent" and "knowingly." The trial court submitted the following instructions to the jury:

### 4.

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

### 5.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

### 6.

Now if you find from the evidence beyond a reasonable doubt that on or about April 18, 1988, in Hidalgo County, Texas, the defendant, Samuel Garza, did then and there intentionally and knowingly, while in the course of committing theft of property from Cynthia Molina, the victim, and with intent to obtain and maintain control of said property, threaten or place said victim in fear of imminent bodily injury or death, and that the defendant did then and there use or exhibit a deadly weapon, to wit: a knife, that in the manner of its use and intended use was capable of causing death and serious bodily injury, then you will find the defendant guilty of Aggravated Robbery.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of Aggravated Robbery.

Appellant objected to the charge, arguing that it set forth the statutory definition of the mental states without being "trimmed to fit" the facts of this case. Appellant specifically pointed out to the trial court that he wanted the jury to be charged only on the definitions of the culpable mental states as they related to the nature of the offense and not the result. Appellant's complaint is based on the rule that the charge should contain only the portion of the statutory definition which corresponds with the kind of culpable mental state proscribed by the offense. *See Haggins v. State*, 785 S.W.2d 827, 828 (Tex. Crim.App.1990); *Alvarado v. State*, 704 S.W.2d 36, 37–40 (Tex.Crim.App.1986); *Saldivar v. State*, 783 S.W.2d 265, 266–268 (Tex.App.—Corpus Christi 1989, no pet.); *see also Villegas v. State*, 791 S.W.2d 226 (Tex.App.—Corpus Christi, May 17, 1990, pet. filed). Accordingly, the type of offense charged dictates which portion or portions of the mental state definitions should be submitted to the jury, and this case turns on whether the culpable mental state in an aggravated robbery should be limited to the "nature of the conduct."

In *Bosier v. State*, 771 S.W.2d 221, 225 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd), the Houston Court addressed the same issue. The Court found no error in the trial court's submission of the entire statutory definition, reasoning that aggravated robbery did not "fit neatly" into either a "result" type offense or "nature of conduct" offense. *Bosier*, 771 S.W.2d at 225. We agree with the Houston Court. We believe that the elements of aggravated robbery as alleged here refer to the nature of appellant's conduct, the result of the conduct, and the circumstances of the conduct. As the *Bosier* Court stated, robbery is committed "in the course of committing theft." This element of robbery refers to the circumstances of the assaultive conduct, rather than the result. The robbery in this case was aggravated by the use of a deadly weapon. This element refers to the nature of the conduct, rather than the result. Another element of robbery requires that the victim be threatened or placed in fear. This element refers to the result of

the appellant's conduct. Since aggravated robbery encompasses elements which relate to all of the portions of the abstract statutory definitions, the trial court did not err in overruling appellant's request that only the "nature of conduct" portion be submitted to the jury. Appellant's eighth, ninth, and tenth points of error are overruled.

In points eleven and twelve, appellant contends that the trial court's overbroad charge on the mental states allowed the jury to convict appellant on a theory not alleged in the indictment. Since we have already held that the trial court's charge correctly submitted the mental state definitions, these points are overruled.

The judgment of the trial court is REFORMED to delete the restitution finding and AS REFORMED, is AFFIRMED.