# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00220-CR

**Gregory Larfell Sheppard, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF DALLAS COUNTY, 291ST JUDICIAL DISTRICT
### NO. F-9918647-RU, HONORABLE GERRY MEIER, JUDGE PRESIDING

A jury found appellant Gregory Larfell Sheppard guilty of aggravated robbery and assessed punishment at imprisonment for fifteen years. *See* Tex. Penal Code Ann. § 29.03(a)(2) (West 1994). Appellant brings forward seven points of error challenging the sufficiency of the evidence and complaining of charge error. We will affirm.

At trial, appellant admitted robbing Lisa Gayle Rutherford, a convenience store clerk, on the night of April 10, 1999. He denied, however, using or exhibiting a firearm during the robbery, and he now contends the evidence is legally and factually insufficient to support the jury's finding that he did.

In determining the legal sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond

a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). When conducting a factual sufficiency review, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). A factual sufficiency review asks whether a neutral review of all the evidence, both for and against the finding of guilt, demonstrates that the proof of guilt is so obviously weak or so greatly outweighed by contrary proof as to undermine confidence in the jury's determination. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

Rutherford testified that appellant approached the store counter with a bottle of detergent. She scanned the bottle and asked appellant if that would be all. He replied, "Yes, a robbery." As he said this, appellant pulled back his shirt "to show me the gun" in his waistband. Rutherford added, "Hand was on the gun. The all I could mainly see was like the handle that you would be holding in the palm of your hand." She described the weapon as "kind of a flat black handle about an inch, inch and a half wide, thick. The part that was going down into the pants, I could just barely start to see silver." Rutherford testified that she knew the difference between a revolver and a semi-automatic handgun, and that this was a semi-automatic. In his own testimony, appellant denied wielding a weapon. He said he placed his hand in his pocket as if he had a gun, intending for Rutherford to believe that he was armed.

Appellant argues that the evidence does not establish that the "gun" referred to by Rutherford was a firearm, or that he used or exhibited this object during the robbery. Although a "gun" is not necessarily a "firearm," the trier of fact may draw reasonable inferences and make

2

reasonable deductions from the evidence presented to it. *Benavides v. State*, 763 S.W.2d 587, 588-89 (Tex. App.–Corpus Christi 1988, pet. ref'd); *see Wright v. State*, 591 S.W.2d 458, 459 (Tex. Crim. App. 1979) (testimony using "gun," 'pistol," or "revolver" sufficient to authorize finding that deadly weapon used). Rutherford alternately referred to the weapon in appellant's waistband as a "gun," a "handgun," and a "semi-automatic." She answered affirmatively when asked if it was a "firearm." From appellant's display of the weapon in his waistband, the jury could rationally infer both that the weapon was a firearm and that it was used by appellant to reduce the likelihood of resistance to his demands. *See McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000); *Benavides*, 763 S.W.2d at 589; *Riddick v. State*, 624 S.W.2d 709, 711 (Tex. App.–Houston [14th Dist.] 1981, no pet.). The jury also could rationally conclude that the firearm was exhibited during the robbery. *McCain*, 22 S.W.3d at 503. Viewed in the light most favorable to the verdict, the evidence supports a finding beyond a reasonable doubt that appellant used or exhibited a firearm during the robbery. Points of error one and three are overruled.

Appellant's factual sufficiency argument is, in essence, a challenge to Rutherford's credibility. He points to his own testimony denying the use of a firearm, and urges that the videotape of the robbery taken by a store security camera does not show the weapon. Still images taken from the videotape show that the view of appellant's waist was obscured by a counter display. We must maintain appropriate deference to the jury's verdict by finding error only when the record clearly indicates that the verdict is wrong and manifestly unjust. *See Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000); *Reina v. State*, 940 S.W.2d 770, 773 (Tex. App.–Austin 1997, pet. ref'd). A decision is not manifestly unjust simply because the jury resolved conflicting

views of the evidence in the State's favor. *Roise v. State*, 7 S.W.3d 225, 233 (Tex. App.–Austin 1999, pet. ref'd). Points of error two and four are overruled.

In point of error six, appellant contends the district court did not properly instruct the jury at the guilt stage regarding the culpable mental states applicable to the offense. The court's charge included the statutory definitions of "intentionally" and "knowingly." *See* Tex. Penal Code Ann. § 6.03(a), (b) (West 1994). Citing opinions from other courts of appeals, appellant argues that the court should have separately defined the culpable mental states for each of the three penal code "conduct elements" contained in aggravated robbery (placed another in fear of serious bodily injury or death, unlawfully appropriated property, acted in course of committing theft). *See Fields v. State*, 966 S.W.2d 736, 739 (Tex. App.–San Antonio 1998), *rev'd on other grounds*, 1 S.W.3d 687, 689 (Tex. Crim. App. 1999); *Garza v. State*, 794 S.W.2d 497, 500-01 (Tex. App.–Corpus Christi 1990, pet. ref'd). Appellant did not object to the charge on this or any other ground.

Each of the "conduct elements" in question is an element of robbery. As previously noted, appellant admitted that he robbed Rutherford; the only contested issue at trial was whether appellant used or exhibited a deadly weapon during the course of the robbery. Because appellant's commission of the "conduct elements" was not disputed, the court's failure to tailor a separate and distinct definition of the culpable mental state applicable to each element, if error, did not deny appellant a fair and impartial trial. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). Point of error six is overruled.

Appellant's remaining points of error relate to the punishment charge, to which he also voiced no objection. First, appellant contends the court erred by failing to instruct the jury not to consider evidence of extraneous offenses or bad acts in assessing punishment unless appellant's commission of the acts or offenses was proved by the State beyond a reasonable doubt. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 2000). A burden of proof instruction is required even in the absence of a request, and its omission is charge error. *Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000) (op. on reh'g). Because appellant did not request the instruction or object to its absence, reversal is required only if the error resulted in egregious error that denied appellant a fair and impartial trial. *Almanza*, 686 S.W.2d at 171.

The degree of harm resulting from charge error "must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record." *Id*. Appellant's juvenile adjudication for criminal trespass and possession of cocaine and his misdemeanor conviction for criminal trespass were proved by court records to which he did not object. The police officer who arrested appellant for the latter trespass testified without objection that appellant possessed a crack pipe at the time of his arrest. A jailer testified without objection that appellant was involved in a fight with another inmate. During his testimony at the guilt stage, appellant admitted being a cocaine addict. Given the nature and weight of the evidence regarding the extraneous acts and offenses, we are satisfied that a properly instructed jury would have found them proved beyond a reasonable doubt and therefore considered them in assessing punishment.

5

Appellant was not egregiously harmed by the omission of the burden of proof instruction. Point of error seven is overruled.

Finally, appellant contends the statutory instruction on the law of good time and parole is unconstitutional in the context of an aggravated robbery case. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 4(a) (West Supp. 2000). As required by statute, the district court told the jury that "[u]nder the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. . . . [but] prison authorities may also take away all or part of any good conduct time earned by the prisoner." *Id*. Appellant contends this instruction misled the jury, and thus denied him due process and due course of law, because persons convicted of aggravated robbery are ineligible for mandatory supervision and therefore cannot earn early release from prison by the award of good conduct time. *See* Tex. Gov't Code Ann. § 508.149(a)(12) (West Supp. 2000); *see also* U.S. Const. amend. XIV; Tex. Const. art. I, § 19.

This Court previously considered and rejected the same argument in another appeal from an aggravated robbery conviction. *See Martinez v. State*, 969 S.W.2d 497, 501 (Tex. App.–Austin 1998, no pet.). Without repeating all that we said in that opinion, we note that the statutory instruction does not mention mandatory supervision. Tex. Code Crim. Proc. Ann. art. art. 37.07, § 4(a). The instruction does not tell the jury that the defendant *will* earn time off his period of incarceration, but only that he *may*. *Id*. The instruction tells the jury that good conduct time will not be considered in determining the defendant's eligibility for parole and that it cannot be accurately predicted how good conduct law may be applied to the defendant. *Id*. The

6

instruction admonishes the jury not to consider the extent to which good conduct time may be awarded or forfeited in determining punishment. *Id.* We concluded in *Martinez* that the instruction is not misleading when read as a whole, and that there is no confusion or harm if the jury follows the instruction. *Martinez*, 969 S.W.2d at 501.

Even if we assume that giving the statutory instruction was constitutional error in this cause, the error was harmless. *See* Tex. R. App. P. 44.2(a); *see also Martinez*, 969 S.W.2d at 501 n.2. Neither party referred to the parole instruction during punishment arguments. There is no evidence before us that the jurors knew about mandatory supervision, or that they violated the instruction and considered the possible award of good conduct time in assessing punishment. The punishment assessed was at the low end of the range applicable to first degree felonies and was less than that requested by the State. We conclude that any error attending the statutory instruction was harmless beyond a reasonable doubt. *See Martinez*, 969 S.W.2d at 502. Point of error five is overruled.

The judgment of conviction is affirmed.

_____

Mack Kidd, Justice

Before Justices Jones, Kidd and Yeakel

Affirmed

Filed:   November 30, 2000

Do Not Publish