**Thanh Truong LY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–96–00099–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 24, 1997.

J. Sidney Crowley, Houston, for Appellant.

James Donald McAlister, Richmond, for Appellee.

Before TAFT, MIRABAL and WILSON, JJ.

## OPINION

TAFT, Justice.

We withdraw our opinion of April 3, 1997, and substitute this opinion in its place. A jury convicted appellant, Thanh Truong Ly, of murder and assessed his punishment at 25–years confinement. He complains on appeal that: (1) the evidence is factually insufficient to establish intent to cause serious bodily injury; and (2) the trial court erred by not submitting a mandated parole law instruction. We affirm.

### Facts

On the night of the offense, appellant and his friends were leaving a party. One of appellant's friends, Thai, saw some "guys" who had keyed (scratched with a key) Thai's car. Thai told appellant and their friends that those were the guys who keyed his car and he wanted to do something. As the guys were leaving in a Honda Civic and a minivan, appellant and his friends approached the minivan. Appellant and his friends were on foot, standing on both sides of the minivan. The minivan had windows covering its entire length and back. Appellant had a 9 mm. pistol.

Appellant and his friends challenged the guys in the minivan to get out, but they refused. As the minivan drove away, appellant fired shots repeatedly from his semi-automatic handgun. Nine shots were fired into the back of the minivan causing ten holes when one shot fragmented. One person in the car was hit by two bullets. He was seated in the rear of the minivan on the driver's side. One of the shots killed him. Appellant and his friends ran as the minivan sped away. Police later found appellant hiding in an attic. The police determined that only one weapon was used during the offense. They recovered nine 9 mm. casings from the location of the shooting.

### Factual Sufficiency

In appellant's first point of error, he contends the jury verdict is contrary to the great weight and preponderance of the evidence. Appellant contends the facts revealed at trial are more consistent with the offense of deadly conduct than of murder. Appellant complains specifically that there is no evidence that appellant knew the deceased or that there had been any prior difficulties between them, nor was there any evidence that appellant made any threats to kill or do bodily harm. He also asserts the evidence clearly shows appellant fired a number of random shots at the back of a vehicle as it drove away. Appellant argues that, if anything, he was trying to damage the van in retaliation for the scratching of Thai's car. We conclude appellant is challenging the factual sufficiency of the evidence to prove intent to commit serious bodily injury.

This Court will set aside the verdict on the grounds of factual sufficiency only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App.1996). Great deference must be given to the jury's findings. *Id.* at 133. A jury has the opportunity to observe the demeanor of the witnesses and to evaluate their credibility. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex.Crim.App.1991). In this case, however, appellant presented no conflicting evidence. His argument is based on the lack of evidence of personal animosity between appellant and the victim, as well as inferences that might have been made from the State's evidence supporting an intent other than to cause serious bodily injury.

A person commits murder if he intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual. TEX.PENAL CODE ANN. § 19.02(b)(2) (Vernon 1994). To find appellant guilty of murder, the jury charge required the jury to find appellant " ... did with intent to cause serious bodily injury to [the complainant] commit an act clearly dangerous to human life, to wit: shoot a firearm at [the complainant], that caused [his] death...."

The evidence shows the occupants of the minivan refused to get out and confront appellant and his friends. As the minivan drove off, appellant fired nine shots into the rear of the van that he knew was occupied, causing the death of one person. Appellant

held the pistol with both hands as he fired. All of his shots were on trajectories to enter the passenger compartment; nearly all the shots could have hit passengers inside. After the shooting, appellant told his friends to "lay low" for awhile, and to watch the news and see what happens. Appellant was found hiding in an attic.

 Direct evidence of culpability is not necessary to support a conviction; intent or knowledge may be inferred from the acts and circumstances surrounding a crime. *Hernandez v. State*, 819 S.W.2d 806, 809–10 (Tex. Crim.App.1991). The specific intent to kill may be inferred from the use of a deadly weapon, unless the manner of its use makes it readily apparent that death or serious bodily injury could not result. *Godsey v. State*, 719 S.W.2d 578, 580 (Tex.Crim.App.1986).

The facts and circumstances of this case show that appellant intentionally fired the gun nine times directly into the rear of a van which he knew was occupied. The facts do not support appellant's claim that this was a random shooting in the direction of unknown persons, with the intent only of damaging the vehicle in which the persons were riding. Nor do they support appellant's assertion that the facts are more consistent with his having committed the offense of deadly conduct.[1] A person commits that offense if he knowingly discharges a firearm at or in the direction of a vehicle and is reckless as to whether the vehicle is occupied. TEX.PENAL CODE ANN. § 22.05(b)(2) (Vernon 1994). The facts show appellant knew the minivan was occupied, not that he was merely reckless about whether it was occupied. Also, deadly conduct does not require that a person be injured, as was the case here. We hold that the jury's verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.

We overrule appellant's first point of error.

### Parole Law Instruction Omitted

 In his second point of error, appellant contends the trial court erred by not including in its punishment charge the parole law instruction required by statute. *See* TEX. CODE CRIM.PROC.ANN. art. 37.07 § 4 (Vernon Supp.1997). Appellant acknowledges this Court's opinion holding that egregious harm is not presented in this situation because the parole law instruction is generally considered to favor the State. *See Myres v. State*, 866 S.W.2d 673, 674 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd).

Appellant argues that the result and reasoning in *Myres* no longer applies. In 1993, the legislature added the offense of murder to the "per se aggravated time" offenses. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12 § 3g and art. 42.18 (Vernon 1994). Therefore, the minimum time served before parole eligibility was lengthened from one-fourth to one-half of the actual sentence. Appellant contends this dramatic increase since the *Myres* case could well cause the parole eligibility charge to benefit the accused rather than the State. Appellant claims he suffered egregious harm under the circumstances of this case.

In *Myres*, we held that the omission of the parole eligibility instruction does not require automatic reversal. *Id.* at 674. We applied the harmless error analysis from *Almanza v. State* for error to which no objection was made. 686 S.W.2d 157, 171 (Tex.Crim.App. 1984); *see Myres*, 866 S.W.2d at 674. Appellant admits he did not object to the omission of the mandated parole instruction in the charge. The record reflects not merely the lack of an objection, however. Counsel for appellant affirmatively stated "No objections, Your Honor," when the trial court presented the punishment charge to counsel for both parties and asked for their objections.

In a recent opinion, we held that charge error is waived by the affirmative statement of no objection to the charge at trial. *Reyes v. State*, 934 S.W.2d 819, 820 (Tex.App.— Houston [1st Dist.] 1996, pet. ref'd). The only other published case that has addressed this issue arrived at the same conclusion. *See McCray v. State*, 861 S.W.2d 405, 409 (Tex.App.—Dallas 1993, no pet.) (holding charge error waived under these circumstances).

---

1. Even if the facts were more consistent with another offense, it would not affect our review of the sufficiency of the evidence to prove the offense of which the jury found appellant guilty.

Appellant's counsel having affirmatively approved the jury charge is different from Myres' counsel not having requested that the parole eligibility instruction be included in the charge and not having objected to its omission. An appellant should not be allowed to affirmatively approve a jury charge, perhaps for sound strategic reasons, and then attack the charge on appeal. *Reyes,* 934 S.W.2d at 820.

■ We have found no published case which has required a harm analysis when the defendant affirmatively stated he had no objection to the jury charge. This situation was neither presented nor addressed in *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim. App.1984). Therefore, we reaffirm our holding that a defendant who affirmatively states no objection to a jury charge at trial may not challenge on appeal any error in that jury charge.

Accordingly, we overrule appellant's second point of error.

### Conclusion

We affirm the trial court's judgment.