OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

May 15, 2002

The Honorable Bill Turner
Brazos County District Attorney
Brazos County Courthouse
300 East 26th Street, Suite 310
Bryan, Texas 77803

Opinion No. JC-0504

Re: Whether section 37.123 of the Education Code, which creates the offense of "disruptive activity," requires proof of intent (RQ-0474-JC)

Dear Mr. Turner:

You have requested our opinion regarding the standard of proof required to sustain a conviction under section 37.123 of the Education Code. Specifically, you ask whether that statute requires proof of intent to disrupt a school assembly or to obstruct or restrain the passage of a person in an exit or hallway, or whether it merely requires proof that the actor engaged in conduct that ultimately had one of those effects.[1] For the reasons stated below, we conclude that section 37.123 requires proof of an intent actually to disrupt a school assembly or actually to obstruct or restrain the passage of a person in an exit or hallway.

Section 37.123 of the Education Code provides, in relevant part:

(a) A person commits an offense if the person, alone or in concert with others, intentionally engages in disruptive activity on the campus or property of any private or public school.

(b) For purposes of this section, disruptive activity is:

(1) obstructing or restraining the passage of persons in an exit, entrance, or hallway of a building without the authorization of the administration of the school;

(2) seizing control of a building or portion of a building to interfere with an administrative, educational, research, or other authorized activity;

---

[1]*See* Letter from Honorable Bill Turner, Brazos County District Attorney, to Office of Attorney General, Opinion Committee (Dec. 4, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

> (3) preventing or attempting to prevent by force or violence or the threat of force or violence a lawful assembly authorized by the school administration so that a person attempting to participate in the assembly is unable to participate due to the use of force or violence or due to a reasonable fear that force or violence is likely to occur;
>
> (4) disrupting by force or violence or the threat of force or violence a lawful assembly in progress; or
>
> (5) obstructing or restraining the passage of a person at an exit or entrance to the campus or property or preventing or attempting to prevent by force or violence or by threats of force or violence the ingress or egress of a person to or from the property or campus without the authorization of the administration of the school.
>
> (c) An offense under this section is a Class B misdemeanor.

TEX. EDUC. CODE ANN. § 37.123 (Vernon 1996). You specifically ask about subdivisions (4) and (5): disrupting a school assembly and "obstructing or restraining the passage of a person at an exit or entrance to the campus or property or preventing or attempting to prevent by force or violence or by threats of force or violence the ingress or egress of a person to or from the property or campus without the authorization of the administration of the school." You suggest the following scenario:

> By way of illustration, assume that one student pushes another student in the hallway or classroom of a school. In response, the second student hits the first student and a fight ensues. The fight is so loud it disrupts a teacher in the classroom who stops her class and tries to stop the fight. A crowd of other students, watching the fight, grows large enough to obstruct some students' ability to pass through the hallway. Are the two students who fought guilty of violating [section] 37.123 of the Texas Education Code, even though they did not intend to disrupt the classroom or obstruct the hallway? Are they criminally responsible for "disruptive activity" even though their only intent was to engage in a fistfight?

Request Letter, *supra* note 1, at 1-2.

Initially, we note that while your question refers to subdivisions (4) and (5) of section 37.123, you also speak in terms of "disrupting the classroom." "Disruption of classes" is made an offense by a different statute, section 37.124 of the Education Code. *See* TEX. EDUC. CODE ANN. § 37.124 (Vernon 1996). It is a separate offense, and its elements differ from those of section 37.123. Furthermore, an offense thereunder is a Class C, rather than a Class B misdemeanor. *See id.* § 37.124(b) ("offense under [section 37.124] is a Class C misdemeanor"); *see also id.* § 37.123(c)

("offense under [section 37.123] is a Class B misdemeanor"). A brief we have received suggests that disruption of a class constitutes disruption of a "lawful assembly" under section 37.123.[2] Although no portion of the Education Code defines "lawful assembly," we do not believe that the term can be reasonably applied to classroom activities, particularly when a separate statute is applicable to disruption of classes.

Subsection (a) of section 37.123 makes it an offense to *intentionally* engage in "disruptive activity." *Id.* § 37.123(a). Section 37.101 of the Education Code states that "[t]he criminal laws of the state apply in the areas under the control and jurisdiction of the board of trustees of any school district in this state." *Id.* § 37.101. Section 6.03 of the Penal Code provides that "[a] person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." TEX. PEN. CODE ANN. § 6.03 (Vernon 1994); *see Cole v. State*, 46 S.W.3d 427, 433 (Tex. App.–Fort Worth 2001, pet. ref'd). A person need not intend both his conduct and the result thereof in order to have a culpable mental state. *See Burnett v. State*, 865 S.W.2d 223, 230 (Tex. App.–San Antonio 1993, pet. ref'd). Intent may be inferred from the acts and circumstances surrounding a crime. *Ly v. State*, 943 S.W.2d 218, 220 (Tex. App.–Houston [1st Dist.] 1997, pet. ref'd).

Subsection 37.123(b) of the Education Code defines five kinds of conduct that constitute "disruptive activity." All five kinds of disruptive activity must be intentional to constitute an offense. *See* TEX. EDUC. CODE ANN. § 37.123(a) (Vernon 1996). To sustain a conviction, the actor must be shown under subdivision (4) to *intend* to disrupt "a lawful assembly in progress." *Id.* § 37.123(a), (b)(4). To sustain a conviction under subdivision (5), the actor need not disrupt, or intend to disrupt, a lawful assembly; rather, the actor must either *intend* to obstruct or restrain "the passage of a person at an exit or entrance to the campus or property," *or* he must *intend* to prevent or attempt to prevent by force or violence or by threat of such "the ingress or egress of a person to or from the property or campus." *Id.* § 37.123(a), (b)(5). Furthermore, it must be shown that he actually obstructed or restrained "the passage of a person at an exit or entrance to the campus or property" or that he actually prevented or attempted to prevent "the ingress or egress of a person to or from the property or campus." *Id.* In both situations under subdivision (5), he must be shown to have done so "without the authorization of the administration of the school." *Id.*

Under neither subdivision (4) or (5) would a student violate the statute merely by pushing or fighting another student, unless his intent in doing so was to obtain one of the results proscribed by those provisions. *See id.* § 37.123(a). Of course, as we have noted, his intent might be implied from the relevant acts and circumstances. *See Ly*, 943 S.W.2d at 220. Nevertheless, section 37.123 requires in order to sustain a conviction that the student *intend* by his actions to bring about the results prohibited thereby. *See* TEX. EDUC. CODE ANN. § 37.123(a) (Vernon 1996) (offense committed if person "intentionally engages in disruptive activity").

---

[2]*See* Letter from Kenneth Burton, Chief of Police, Bryan Police Department, to Opinion Committee, Office of Attorney General (Dec. 13, 2001) (on file with Opinion Committee).

Although you do not specifically cite subdivisions (1)-(3), we note that the same standard of proof would apply to those prohibitions. *See id.* In order to sustain a conviction under subdivision (1), it must be shown that the actor *intended* to obstruct or restrain "the passage of persons in an exit, entrance, or hallway of a building"; that he *actually* obstructed or restrained the passage of such persons; and that he did so "without the authorization of the administration of the school." *Id.* § 37.123(a), (b)(1). To sustain a conviction under subdivision (2), an actor must be shown to have *intended* to seize control of a building or a portion thereof and to have *actually* seized "control of a building or portion of a building" for the purpose of interfering "with an administrative, educational, research, or other authorized activity." *Id.* § 37.123(a), (b)(2). Finally, under subdivision (3), it must be shown that the actor *intended* to prevent or intended to attempt to prevent by force or violence or the threat of force or violence "a lawful assembly authorized by the school administration" in such a manner that "a person attempting to participate in the assembly is unable to participate" because of "the use of force or violence or due to a reasonable fear that force or violence is likely to occur." *Id.* § 37.123(a), (b)(3). In addition to such intent, it must be shown that the actor actually brought about the result described in subdivision (3). *See id.*

## S U M M A R Y

Section 37.123 of the Education Code, which prohibits disruptive activities on a school campus, requires in order to sustain a conviction that the actor intentionally engaged in one of the five species of conduct described in that statute, rather than merely engaged in conduct that ultimately resulted in one of the effects described therein.

Yours very truly,

**JOHN CORNYN**
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee