NO









NO. 12-06-00131-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

PAUL DAVID VESELY,      §          APPEAL FROM THE 145TH

APPELLANT

 

V.        §          JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          NACOGDOCHES
COUNTY, TEXAS

                                                                                                                                                      


            MEMORANDUM OPINION

            Paul
David Vesely appeals two convictions of aggravated sexual assault of a child,
for which he was sentenced to imprisonment for twenty years for each
conviction.  Appellant raises four issues
on appeal.  We affirm.

 

Background

            In July or August 2001, Appellant’s son, P.V., told a
church youth minister that Appellant had sexually assaulted him.  The youth minister reported the allegations
to the police, who investigated the matter. 
Appellant was subsequently charged by indictment with two counts of
aggravated sexual assault of a child and pleaded “not guilty.”  The matter proceeded to jury trial.

            At trial, Appellant’s former wife, Judy Vesely, related
how the family’s living conditions deteriorated after the family moved to a two
bedroom apartment in Nacgodoches, Texas so that she could attend college.  Judy and Appellant occupied one bedroom,
their daughter, J.V., occupied the other bedroom, and P.V. slept on the
couch.  Judy testified that after
Appellant was accused of aggravated sexual assault, she filed for divorce.

 








            Various police investigators also testified, as did
sexual assault nurse examiner ( “SANE”) Stacy Hamilton.  Hamilton described her experience and
training, including her performing forensic examinations and collecting
evidence in sexual assault cases. 
Appellant objected to Hamilton’s testimony, arguing that she was not an
outcry witness, that the proper predicate had not been laid, and that P.V.’s
statements to Hamilton were hearsay.  The
State contended that the proper predicate had been laid for admission of the
statements, which were made for purposes of medical treatment and
diagnosis.  The court overruled the
objection, but gave Appellant a running objection to Hamilton’s testimony.  Hamilton testified that P.V. told her his
father had performed oral sex on him since he was about five years old and had
attempted anal intercourse with him when he was about twelve years old.  Hamilton further testified that she performed
a physical examination on P.V., but found no physical evidence of the sexual
abuse.  Hamilton stated that no forensic
evidence was collected because the assaults had occurred outside of the
seventy-two hour period when such evidence typically could be found.

            P.V. testified that he told the church youth director
that Appellant had sexually and physically assaulted him.  Sixteen years old at the time of trial, P.V.
stated that Appellant had performed oral and anal sex on him beginning when he
was five years old and that Appellant continued to do so until he was eleven
years old and after the family had moved to Nacogdoches.

            The State rested, and Appellant moved for a directed
verdict contending that there was no evidence concerning the dates of the
offenses as alleged in the indictment. 
The court overruled Appellant’s motion. 


            Appellant called Child Protective Services investigator
Samantha Dolese, who had investigated the allegations against him. Dolese
testified that she was ultimately unable to 
determine that Appellant had sexually assaulted his son or daughter.  Dolese admitted that she had no record that
P.V. ever told her he had been sexually abused by Appellant.  

            Appellant’s half brother, Jack Kelly, also testified on
Appellant’s behalf.  Kelly testified that
Appellant was a good father and that he had never seen Appellant abusing his
wife or his children in any way.  

            Appellant testified on his own behalf.  Appellant denied sexually abusing either of
his children.  Appellant further
testified that there was no allegation of sexual abuse in any of the court
records from his divorce.[1]  Thereafter,
Appellant rested.

            The State then sought to call J.V. to testify concerning
Appellant’s sexually abusing her.[2] 
Appellant objected, contending that the offense was extraneous to the
charged offense and that he had requested, but had not received, information
regarding extraneous offenses pursuant to Texas Rule of Evidence 404(b) and
Texas Code of Criminal Procedure, article 38.37.  Appellant further contended that such
testimony was not proper rebuttal because his denying having abused his
children did not permit the State to proffer testimony concerning an extraneous
offense involving his daughter.  Further
still, Appellant contended that J.V. testified the alleged offense occurred
outside of Nacogdoches County.  Finally,
Appellant argued that the prejudicial nature outweighed any probative value of
J.V.’s testimony.  The trial court
overruled Appellant’s objections and permitted J.V. to testify before the jury.

            J.V. testified that Appellant sexually abused her by
engaging in vaginal and anal intercourse with her as well as sexually touching
her.  J.V. testified that Appellant
engaged in this conduct with her when she was between five and twelve years old
while she and her family lived in Center, Texas.  Appellant cross examined J.V. regarding her
failure to include any allegation of sexual contact or abuse on any of the
affidavits she made in support of her mother’s application for protective order
and other divorce documents.

            Ultimately, the jury found Appellant guilty as charged on
both counts and assessed Appellant’s punishment at imprisonment for twenty
years for each conviction.  The trial
court sentenced Appellant accordingly, and this appeal followed.

 

Hearsay
Evidence

            In his first issue, Appellant contends the trial court
erred in allowing Hamilton to testify concerning statements P.V. made to her
during her interview with him.  Appellant
argues that the exception to the hearsay rule provided in Texas Rule of
Evidence 803(4)[3] is inapplicable in the present case because the
proper predicate was not laid for admissibility.  Specifically, he argues there was no
testimony that P.V’s statements were made for the purpose of receiving medical
advice, diagnosis, or treatment. 
Moreover, Appellant contends that P.V.’s speaking with Hamilton to “create
testimonial evidence” was impermissible.

            A trial court’s decision to admit evidence is reviewed
under an abuse of discretion standard.  Shuffield
v. State, 189 S.W.3d 782, 793 (Tex. Crim App. 2006).  The decision will be upheld if the trial
court’s decision was within the “zone of reasonable disagreement.”  Robbins v. State, 88 S.W.3d
256, 260 (Tex. Crim App. 2002).  Under
Rule 803(4), a statement made “for purposes of medical diagnosis or treatment
and describing medical history, or past or present symptoms, pain, or
sensations, or the inception or general character of the cause or external
source thereof insofar as reasonably pertinent to diagnosis or treatment” is an
exception to the general hearsay exclusion rule.  Beheler v. State, 3 S.W.3d 182, 188
(Tex. App.–Fort Worth 1999, pet. ref’d); see Tex. R. Evid. 803(4).  In order to be admitted under Rule 803(4),
two elements must be established:  (1)
the declarant must make the statement for the purpose of receiving treatment
and (2) the content of the statement must be such as is reasonably relied upon
by a health care professional.  See
Green v. State, 191 S.W.3d 888, 895 (Tex. App.–Houston [14th Dist.]
2006, pet. ref’d) (Statements made by a suspected victim of child abuse about
the cause and source of the child’s injuries are admissible under an exception
to the rule against hearsay Rule 803(4)); Horner v. State, 129
S.W.3d 210, 217 (Tex. App.–Corpus Christi, 2004, pet. ref’d) (medical social
worker’s testimony admissible regarding child sexual abuse victim’s statements
obtained while getting patient victim’s history); see also Joseph v.
State,  No. 01-02-01109-CR, 2004
WL 637924, at *9 (Tex. App.–Houston [1st Dist.] Apr. 1, 2004, pet. ref’d) (Rule
803(4) provides exception to hearsay rule for statements made by suspected
victims of child abuse regarding source of their injuries). 

            In the case at hand, Hamilton testified that she met with
and conducted an examination of P.V. following his allegations of sexual
abuse.  Hamilton made various inquiries
of P.V. regarding the alleged sexual acts Appellant committed against him.  Hamilton received statements from P.V., and
pursuant to his statements, made the appropriate physical examinations based on
her diagnosis and P.V.’s allegations. 
Hamilton stated that P.V. was “very forthcoming.”  From this testimony, the trial court could
reasonably have concluded that P.V. recognized and understood the importance of
being truthful.  See, e.g., Beheler
v. State, 3 S.W.3d 182, 188 (Tex. App.–Austin 2002, pet. ref’d).
Hamilton then testified that P.V. stated Appellant had performed oral sex on
him from the time he was five years old until he was fourteen and had performed
anal sex on him from the time he was about twelve years old.  We conclude that Hamilton’s testimony
regarding P.V.’s statements pertained to statements taken during a medical
examination as part of diagnosis and treatment. 

            Yet Appellant contends that P.V. never sought any medical
advice, diagnosis, or treatment from Hamilton. 
Rule 803(4) does not require that a child sexual abuse victim himself
seek the medical treatment.  See Tex. R. Evid. 803(4).  This exception to the hearsay rule is not
based on who sought the treatment, but rather on the assumption that the
patient understands the importance of being truthful with the medical personnel
involved to receive an accurate diagnosis and treatment.  See Beheler, 3 S.W.3d at 188. 

            Appellant further argues
that Hamilton’s interview was “sought for purely testimonial reasons” and was,
therefore, objectionable under Crawford v. Washington, 541 U.S.
36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). 
Though Appellant alleges Hamilton’s interview was conducted to “create
testimonial evidence,” and thus raises a Crawford issue, the crux
of Appellant’s argument is based on Hamilton’s testimony that, in most cases,
she did no follow up on her cases unless she was called to testify. 








             To implicate the
Confrontation Clause, the out of court statement at issue must have been (1)
made by an absent declarant and (2) testimonial in nature.  See Crawford, 541 U.S. at 68,
124 S.Ct. at 1374 (2004); King v. State, 189 S.W.3d 347, 358
(Tex.App.–Fort Worth 2006, no pet.).  The
holding in Crawford applies only when the extrajudicial testimonial
statements of a witness who does not testify at trial are sought to be
admitted. See id., 541 U.S. at 59, 124 S.Ct. at 1369.  When the declarant appears for cross
examination at trial, the Confrontation Clause places no constraints at all on
the use of his prior testimonial statements. 
Id., 541 U.S. at 59 n. 9, 124 S.Ct. at 1369 n. 9.  In the instant case, since P.V. testified at
trial and was available for cross examination, Appellant’s objection under Crawford
was without merit.  Appellant’s first
issue is overruled.

 

Admission
of Extraneous Offense

            In his second issue, Appellant contends the trial court
erred in admitting testimony concerning an extraneous offense for the purpose
of impeachment.  

            Appellant testified on his own behalf.  On direct examination during the
guilt-innocence phase of trial, Appellant’s lawyer asked him, “Have you ever
sexually abused either of your children?” 
Appellant answered, “No, sir.” 
Later, his lawyer asked, “Would you ever do anything of this nature to
them?” Appellant responded, “No.”  Then
Appellant’s lawyer asked, “Have you ever done anything of a sexual nature to
either of them?” Appellant again answered, “No.”  Later, on cross examination, Appellant sought
to explain a situation in which he hit his daughter.  Appellant concluded his explanation, stating,
“But, I did not do the sexual things they said.”  The prosecutor then asked, “So, [P.V.] is
lying when he gets up here and says you had sexual intercourse with him?”
Appellant answered, “Yes, ma’am.”  As the
prosecutor began to ask another question, Appellant interjected, “And, Jeanette
will lie, too.  They’ve always been that
way.”

            At the conclusion of Appellant’s testimony, the defense
rested.  The State sought to call J.V. to
rebut Appellant’s statements that he had never had sexual intercourse with
her.  Appellant objected that he had
requested Rule 404(b) and Article 38.37 information from the State during
discovery prior to trial.  Appellant
further objected that J.V. testified the alleged offense occurred outside of
Nacogdoches County.  Appellant also
stated that J.V.’s testimony would concern an extraneous offense and would be
unduly prejudicial.   

            A trial court’s ruling regarding the admissibility of
evidence is reviewed under an abuse of discretion standard.  See Weatherred v. State, 15
S.W.3d 540, 542 (Tex. Crim. App. 2000) (citing Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1990)). 
A trial court’s ruling must be upheld if the ruling was within the zone
of reasonable disagreement.  Weatherred
v. State, 15 S.W.3d at 542. 

            As a general rule, evidence of an extraneous offense may
not be used against an accused in a criminal trial.  Daggett v. State, 187 S.W.3d
444, 450 (Tex. Crim. App. 2005).  The
court of criminal appeals has held that admission of evidence of a defendant’s
extraneous offenses is  limited because “such
evidence is inherently prejudicial, tends to confuse the issues in the case,
and forces the accused to defend himself against charges he had not been
notified would be brought against him.” Albrecht v. State, 486
S.W.2d 97, 100 (Tex. Crim. App. 1972). 
The court further noted that although evidentiary rules limit the
admission of extraneous offenses, such evidence is not always inadmissible.  Id. 
For example, where

 

....  a defendant testifies to a blanket statement
of good conduct or character- e.g., “I would never have sex with a minor”-
he may “open the door” by leaving a false impression with the jury about a
relevant act or character trait. 
Evidence of an extraneous act that tends to rebut such testimony may be
admissible to impeach the defendant. 

 

 

Daggett, 187 S.W.3d at 452.  A defendant is said to have “opened the door”
to otherwise improper cross examination when the defendant leaves a false impression
during his direct examination. Prescott v. State, 744 S.W.2d 128,
131 (Tex. Crim. App. 1988). The State can then 
“dispel the false impression left by the accused as to his past, a
subject which is usually an irrelevant issue, collateral to the case, and thus
inadmissible.”  Prescott,
744 S.W.2d at 131; see also Hernandez v. State, 897 S.W.2d 488,
495 (Tex.App.–Tyler, 1995, no pet.). 
However, the term “false impression” is narrowly applied.  The Fort Worth Court of Appeals wrote that

 

....  [i]n order to open the door to use of prior
crimes for impeachment, the witness must do more than simply imply that he
abides by the law; he must in some way convey the impression that he has never
committed a crime. [citations omitted]  
The cases holding that a defendant opened the door to evidence of prior
convictions have involved false testimony presented by the defendant on the
stand of past law-abiding behavior or direct denials of any prior conviction or
trouble with the law.

 

 

James v. State, 102 S.W.3d 162, 181
(Tex. App.–Fort Worth 2003, pet. ref’d).

            Appellant’s unequivocal statement that he never sexually
abused either his son or his daughter opened the door for the State to rebut
the false impression that he would not, and did not, sexually abuse his children.  Although the issue of abuse of his daughter
was not before the jury, Appellant made it an issue by his denials, and the
State was entitled to rebut Appellant’s statements.  Therefore, the trial court’s decision to
permit J.V. to testify concerning Appellant’s having sexually abused her was
not an abuse of discretion.  Appellant’s
second issue is overruled.

 

Jury
Charge Error

            In his third issue, Appellant argues that the trial court
erred by submitting a charge that made Appellant’s credibility a material issue
in the case.  At the charge conference,
Appellant stated that he had “no objections” to the court’s charge.  On appeal, however, Appellant contends that
since his credibility is not a material issue in this case, the jury charge was
erroneous.  By its charge, the trial
court instructed the jury that

 

... if
there is any testimony before you in this case regarding the Defendant’s having
committed crimes, wrongs, or acts other than the offense alleged against him in
the indictment in this case, you cannot consider said testimony for any purpose
unless you find and believe beyond a reasonable doubt that the Defendant
committed such other crimes, wrongs, or acts, if any were committed, and even
then you may only consider the same for the limited purpose of determining the
credibility of the Defendant, and for no other purpose.

 

 

            Appellant concedes that he did not object to the court’s
charge, but urges that we review the record for egregious harm.  Where a defendant does not object to a jury
charge or request an instruction, a conviction will not be reversed unless the
jury charge error resulted in “egregious harm” to the defendant. Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984), overruled on
other grounds, Rodriguez v. State, 758 S.W.2d 787 (Tex. Crim. App.
1988).  Egregious harm exists when the
error is so great as to deprive a defendant of a fair and impartial trial.   Almanza, 686 S.W.2d at
171.  

            However, where a defendant affirmatively states to the
trial court that he has “no objection,” he waives the error, if any, on
appeal.  See Ly v. State, 943
S.W.2d 218, 220 (Tex. App.–Houston [1st Dist.] 1997, pet. ref’d).  Such a situation is distinguishable from one
in which a defendant fails to  object to
a charge or seek an instruction.  See Reyes
v. State, 934 S.W.2d 819, 820 (Tex. App.–Houston [1st Dist.] 1996, pet.
ref’d) (“An appellant should not be able to affirmatively approve a judge's
charge, perhaps for sound strategic reasons to which the appellate court may never
be privy, have it submitted to the jury, and then be able to attack the charge
on appeal on the ground of fundamental error.”).[4]

            In the case at hand, Appellant affirmatively stated that
he had “no objections” to the court’s charge. 
Thus, we hold that Appellant has waived the error, if any, of which he
now complains.  Appellant’s third issue
is overruled. 

 

Directed
Verdict

            In his fourth issue, Appellant argues that the trial
court erred in denying his motion for directed verdict.  At trial, Appellant contended that the State
failed to prove “each and every element of the indictment by such evidence to
meet the burden of proof of beyond a reasonable doubt as a matter of law.”  Appellant continued, “There’s no — been no
showing of the occurrences on or about the date which is alleged in the
indictment.”  On appeal, Appellant also
contends the evidence failed to establish that the offense occurred in
Nacogdoches County.  

            It is well established that the objection at trial must
comport with the complaint on appeal, or the issue is waived.  See Rezac v. State,
782 S.W.2d 869, 870 (Tex. Crim. App. 1990) (“An objection stating one legal
basis may not be used to support a different legal theory on appeal.”).  However, because of the general nature of
Appellant’s initial contention, we will address Appellant’s fourth issue.

            In reviewing a motion for directed verdict, a court is to
use the same standard of review it uses in reviewing the sufficiency of the
evidence. See Havard v. State, 800 S.W.2d 195, 199 (Tex. Crim.
App. 1989).  In determining the legal
sufficiency of the evidence to support a criminal conviction, the question is
whether, after viewing all the evidence in the light most favorable to the verdict,
any rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt.  See
Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2786-87, 61
L.Ed.2d 560 (1979); Staley v. State, 887 S.W.2d 885, 888
(Tex.Crim.App.1994).  Any inconsistencies
in the evidence should be resolved in favor of the verdict.  See Moreno v. State, 755
S.W.2d 866, 867 (Tex. Crim. App. 1988). This standard of review is the same for
both direct and circumstantial evidence. See Green v. State,
840 S.W.2d 394, 401 (Tex. Crim. App. 1992).

            P.V. testified that Appellant sexually assaulted him when
the family lived in Nacogdoches County in the Gazebo Apartments when he was
about ten or eleven years old.  Since
P.V. was sixteen when he testified in 2006, he was approximately eleven years
old in 2001.   Appellant’s wife testified
that the family lived in Nacogdoches in January 2001, the time frame in which
Appellant is alleged to have committed the offenses.  We conclude the evidence is legally sufficient
to support that the offense was committed in Nacogdoches County.

            Appellant further argues that because the indictment
alleges that the offense occurred “on or about” January 1, 2001, the State was
required to prove that the offense was committed in Nacogdoches County on or
before January 1, 2001.  The State need
not allege a specific date in an indictment. 
See Sledge v. State, 953 S.W.2d 253, 255 (Tex. Crim. App.
1997).  It is well settled that the “on
or about” language of an indictment allows the State to prove a date other than
the one alleged in the indictment as long as the date is anterior to the
presentment of the indictment and within the statutory limitation period.  Id. at 256.  Thus, despite Appellant’s contention, the
State was not required to prove that Appellant committed the offense against
P.V. on or before January 1, 2001. 
Moreover, our review of the record indicates that the evidence supports
that the offense occurred on a date both anterior to the presentment of the
indictment and within the statute of limitations.  See Tex.
Code Crim. Proc. Ann. art. 12.01 (5)(B) (Vernon Supp. 2006).  Therefore, we hold that the trial court did
not err in denying Appellant’s motion for directed verdict.  Appellant’s fourth issue is overruled.

 

Disposition

            Having overruled Appellant’s issues one, two, three, and
four, we affirm the trial court’s judgment.

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion delivered July 18, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(DO NOT PUBLISH)











[1] Appellant offered the court records from his divorce, including an
affidavit in support of an application for a protective order, in which Judy
Vesely made no allegations of any sexual impropriety.





[2] J.V. initially testified outside the jury’s presence.





[3] Texas Rule of Evidence 803(4) provides that “[s]tatements made for
purposes of medical diagnosis or treatment and describing medical history, or
past or present symptoms, pain, or sensations, or the inception or general
character of the cause or external source thereof insofar as reasonably
pertinent to diagnosis or treatment.” Tex.
R. Evid. 803(4).





[4] In Ly, the court noted that in Almanza,
the court of criminal appeals was neither presented with, nor did it address, a
scenario in which harm analysis was required when the defendant affirmatively
stated he had no objection to the jury charge. 
See Ly, 943 S.W.2d at 221 (citing Almanza, 686
S.W.2d at 157).