Opinion issued January 17, 2008 





 



 










In The

Court of Appeals

For The

First District of Texas






NO. 01-06-01049-CR

____________


FRANCISCO GARCIA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 1068150






MEMORANDUM OPINION

 A jury found appellant, Francisco Garcia, guilty of the offense of aggravated
robbery of a person 65 years of age or older. (1) After finding true the allegations in two
enhancement paragraphs that appellant had two prior felony convictions, the trial
court assessed his punishment at confinement for 35 years. In two points of error,
appellant contends that the evidence is factually insufficient to support his conviction
and that he suffered egregious harm when the trial court did not limit, in the jury
charge, the definitions of "intentionally" and "knowingly" to the result of appellant's
conduct.

 We affirm.

Factual Background

 The complainant, Mary J. Aranza, testified that on May 8, 2006, when she was
eighty years old, at approximately 6:00 p.m., she and her sister-in-law, Collie Lopez,
walked to a drug store in order to buy makeup after eating dinner together. Upon
arriving at the entrance to the store, someone sneaked up behind her, "violent[ly]"
pulled her backwards, and dragged her across the concrete sidewalk, leaving her
"down on the ground facing up." She did not see the assailant, who took her purse,
which contained her social security card, her "CVS" card, envelopes holding $200 in
bills and quarters, her wallet, cuff links, and bracelets. Because she sustained injuries
on her arm, back, knee, shoulder, wrist, and her entire left side, paramedics took the
complainant by ambulance to the hospital. There, she was diagnosed with a broken
leg and other injuries. After her release from the hospital, the complainant had to use
a cane in order to walk and could not raise her arms all the way up. Moreover, at the
time of her testimony, she was still taking medication for pain in her knee. 

 Lopez testified that she saw a car pull up to the curb and stop as she and the
complainant were about to enter the store. Lopez then saw the assailant rob the
complainant and return to the car. Lopez obtained the car's license plate number and
turned to see the complainant crying in pain.

 Houston Police Department Officer M. Condon testified that upon his arrival
at the scene, Lopez told him that the assailant's car was a "blue Ford Escort" and she
gave him the Escort's license plate number. Condon then learned that the store had
a security camera, and the store's manager allowed Condon to view the videotape in
the store's back employee office. On the videotape, he saw a "large Hispanic male
come up behind the complainant, grab [her] purse[,] pull her down to the ground[,]
and then drag her [about five feet] down the sidewalk." (2) 

 Thirty minutes after arriving at the scene, Officer Condon left to look for the
assailant's vehicle at the Northline Motel because "shady things go on there." Upon
arriving at the Northline Motel, he saw a blue Ford Escort, which, except for one
digit, had the same license plate number that Lopez had given him. Condon
recognized appellant, (3) who was inside of the car, as the same person that he saw in
the videotape from the store. Condon arrested appellant and found two bracelets and
a "CVS" card inside of the car. He later recovered the complainant's purse at a
separate location. The complainant identified these items as belonging to her. 

 Houston Police Department Officer T. Veliz testified that she read appellant
his legal rights, appellant waived those rights, and he admitted to taking the
complainant's purse.

Factual Sufficiency

 In his first point of error, appellant argues that the evidence is factually
insufficient to show that he committed the offense of aggravated robbery because the
evidence that he acted with the intent to cause bodily injury to the complainant, or
with awareness that his conduct was reasonably certain to cause her bodily injury, is
so weak that it undermines confidence in the jury's verdict. 

 In a factual sufficiency review, we view all the evidence in a neutral light, both
for and against the finding, and set aside the verdict if the proof of guilt is so
obviously weak as to undermine confidence in the jury's determination, i.e., that the
verdict seems "clearly wrong and manifestly unjust," or the proof of guilt, although
legally sufficient, is nevertheless against the great weight and preponderance of the
evidence. Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). We
note that a jury is in the best position to evaluate the credibility of witnesses, and we
afford "due deference" to the jury's determinations. Marshall v. State, 210 S.W.3d
618, 625 (Tex. Crim. App. 2006). 

 A person commits the offense of robbery if "in the course of committing theft"
and "with intent to obtain or maintain control of the property," the person
"intentionally, knowingly, or recklessly causes bodily injury to another." Tex. Penal
Code Ann. § 29.02(a)(1) (Vernon 2003). Aggravated robbery occurs when "bodily
injury" is caused to a person "65 years of age or older." Id. § 29.03(a)(3)(A) (Vernon
2003). A person acts "intentionally" with "respect to . . . a result of his conduct when
it is his conscious objective or desire to . . . cause the result." Id. § 6.03(a) (Vernon
2003). A person acts "knowingly" with "respect to a result of his conduct when he
is aware that his conduct is reasonably certain to cause the result." Id. § 6.03(b)
(Vernon 2003). A jury may infer intent and knowledge from circumstantial evidence
that tends to prove its existence, such as the acts, words, and conduct of the
defendant. See Ly v. State, 943 S.W.2d 218, 220 (Tex. App.--Houston [1st Dist.]
1997, pet. ref'd). 

 In support of his argument that the evidence that he acted with the intent to
cause bodily injury to the complainant is too weak to support the jury's verdict,
appellant argues that during his videotaped statement to Officer Veliz, "a tearful
[a]ppellant explain[ed] that he had been smoking crack cocaine for a year, and had
'a couple of hundred dollars a day habit.'" Appellant also stated to Veliz, "'It's not
in me to hurt anyone.'" Appellant further added to Veliz, "'[T]o find out she was 80
years old, I would never have done that.'" He contends that this is a case of a simple
"purse-snatching" made "by a man who had no intent other than to get high as quick
as he could by stealing whatever was at hand."

 However, the complainant testified that appellant "violent[ly]" pulled her
backward onto the ground and dragged her across the concrete sidewalk. Officer
Condon also testified that when he viewed the store's videotape, he saw appellant
drag the complainant for approximately five feet. Lopez testified that the robbery left
the complainant crying in pain and the complainant had to be taken by ambulance to
the hospital. The complainant now has to use a cane to walk and she can no longer
raise her arms as she previously could. 

 Viewing the evidence neutrally, we conclude that the evidence is not so
obviously weak such that the jury's verdict is "clearly wrong and manifestly unjust"
or that the proof of guilt is against the great weight and preponderance of the
evidence. Accordingly, we hold that the evidence is factually sufficient to support
the jury's implied finding that appellant intentionally and knowingly caused bodily
injury to the complainant or acted with awareness that his conduct was reasonably
certain to cause her bodily injury. 

 We overrule appellant's first point of error. 

Jury Charge

 In his second point of error, appellant argues that he was egregiously harmed
by the trial court's error in not limiting its definitions, in the jury charge, of
"intentionally" and "knowingly" to the result of appellant's conduct because the error
allowed the jury to convict appellant for "intending the act of grabbing [the
complainant's] purse" rather than "inten[ding] to hurt [the complainant]."

 In its charge to the jury, the trial court defined the terms "intentionally" and
"knowingly" in accordance with their statutory definitions as follows:

A person acts intentionally, or with intent, with respect to the nature of
his conduct or to a result of his conduct when it is his conscious
objective or desire to engage in the conduct or cause the result. 


A person acts knowingly, or with knowledge, with respect to the nature
of his conduct or to circumstances surrounding his conduct when he is
aware of the nature of his conduct or that the circumstances exist. A
person acts knowingly, or with knowledge, with respect to a result of his
conduct when he is aware that his conduct is reasonably certain to cause
the result.


See Tex. Penal Code. Ann. § 6.03(a)-(b). In the application paragraph, the trial
court charged,

Now, if you find that . . . [appellant] did then and there unlawfully,
while in the course of committing theft of property owned by [the
complainant] and with intent to obtain or maintain control of the
property, intentionally or knowingly cause[d] bodily injury to [the
complainant], a person at least sixty-five years of age[,] by grabbing [the
complainant's] purse and dragging [the complainant] to the ground, then
you will find [appellant] guilty of aggravated robbery.


Appellant's trial counsel did not object to the jury charge.

 To obtain a conviction for robbery, the State must prove beyond a reasonable
doubt that "in the course of committing theft" and "with intent to obtain or maintain
control of the property," a defendant "intentionally, knowingly, or recklessly cause[d]
bodily injury to another." Id. § 29.02(a)(1). Here, the State also had to prove that
appellant caused bodily injury to a person 65 years of age or older. Id. §
29.03(a)(3)(A).

 Section 6.03 of the Texas Penal Code delineates three "conduct elements" that
may be involved in an offense: (1) the nature of the conduct, (2) the result of the
conduct, and (3) the circumstances surrounding the conduct. (4) McQueen v. State, 781
S.W.2d 600, 603 (Tex. Crim. App. 1989); Fields v. State, 966 S.W.2d 736, 739 (Tex.
App.--San Antonio 1998), rev'd on other grounds, 1 S.W.3d 687 (Tex. Crim. App.
1999); see Tex. Penal Code Ann. § 6.03. An offense may contain one or more
conduct elements to which a culpable mental state must apply. Ash v. State, 930
S.W.2d 192, 194 (Tex. App.--Dallas 1996, no pet.). Aggravated robbery contains
all three conduct elements. Fields, 966 S.W.2d at 739; Ash, 930 S.W.2d at 195. In
order to prove a defendant guilty of the offense of aggravated robbery, the State must
prove that the defendant "unlawfully appropriate[s]," which refers to the nature of the
conduct. Ash, 930 S.W.2d at 195; see Tex. Penal Code Ann. § 31.03 (Vernon Supp.
2007) (stating lesser-included offense of theft). The State must also prove that the
defendant "cause[d] bodily injury," which refers to the result of the conduct. Ash,
930 S.W.2d at 195. The State must further prove that the defendant caused bodily
injury "in the course of committing theft," which refers to the circumstances
surrounding the conduct. Id. 

 The Texas Court of Criminal Appeals has held that when an offense implicates
all three conduct elements, a trial court errs in not limiting the definitions to the
conduct element or elements of the offense to which they apply. Patrick v. State, 906
S.W.2d 481, 492 (Tex. Crim. App. 1995); see Fields, 966 S.W.2d at 739; Ash, 930
S.W.2d at 195. Accordingly, we hold that the trial court erred in not limiting the
definitions of "intentionally" and "knowingly" in the jury charge to the conduct
element or elements to which they apply. See Fields, 966 S.W.2d at 739; Ash, 930
S.W.2d at 195. 

 When, as here, a defendant fails to object or states that he has no objection to
a charge, we will not reverse for jury-charge error unless the record shows "egregious
harm" to the defendant. Bluitt v. State, 137 S.W.3d 51, 53 (Tex. Crim. App. 2004);
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). Under the Almanza
egregious-harm standard, the record must show that a defendant has suffered actual,
rather than merely theoretical, harm from jury-charge error. Almanza, 686 S.W.2d
at 174. Egregious harm consists of error affecting the very basis of the case or
depriving the defendant of a valuable right, vitally affecting a defensive theory, or
making the case for conviction or punishment clearly and significantly more
persuasive. Saunders v. State, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991);
Martinez v. State, 190 S.W.3d 254, 259 (Tex. App.--Houston [1st Dist.] 2006, pet.
ref'd). Egregious harm is a difficult standard to prove and must be determined on a
case-by-case basis. Ellison v. State, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002). To
determine whether a defendant has sustained harm from a non-objected-to instruction,
we consider (1) the entire charge, (2) the state of the evidence, (3) arguments of
counsel, and (4) any other relevant information. Hutch v. State, 922 S.W.2d 166, 171
(Tex. Crim. App. 1996).

 In support of his argument that he suffered egregious harm, appellant relies on
Brooks v. State, 967 S.W.2d 946 (Tex. App.--Austin 1998, no pet.). In Brooks, the
jury was deadlocked on whether the defendant had the requisite mental state to
commit the offense of assault on a public servant, (5) i.e., specifically, a police officer. 
Id. at 947, 949-50. The trial court orally instructed the jury that if a person
"intentionally resists arrest" and causes bodily injury to a police officer, the person
is guilty of the offense of assault on a public servant regardless if the defendant had
the necessary intent to actually injure the police officer. Id. at 950. The appellate
court concluded that the defendant suffered egregious harm because "[t]o be guilty
of assault [on a public servant], one must intend the result of the conduct, not just the
conduct itself." Id. The trial court's incorrect additional oral instructions actually
caused the jury to "quickly" break its deadlock. Id. at 949-50. Here, however, the
jury did not have such an erroneous instruction before it. 

 Appellant also argues that he suffered egregious harm because during voir dire,
the State represented that it was not required to prove that appellant knew the
complainant was over 65 years old, which served to elevate the offense from robbery
to aggravated robbery. Without any substantiation, appellant asserts that "[i]t is likely
that the jury also inferred from this discussion that other consequences, like any
bodily injury that resulted from the purse-snatching, whether intended or not, became
the responsibility of appellant."

 However, the application paragraph of the jury charge limited the culpable
mental states to the result of appellant's conduct by specifically describing the
manner and means of committing aggravated robbery, i.e., committing bodily injury
by "grabbing [the complainant's] purse and dragging [the complainant] to the
ground." See Fields, 966 S.W.2d at 740 (reasoning that in application paragraph of
jury charge, "manner and means of committing the robbery . . . limited the definition
to the result[] of the defendant's conduct"); Ash, 930 S.W.2d at 195 (noting that in
application paragraph of jury charge, "manner and means of committing the
offense . . . would tend to limit the culpable mental states to the result of [defendant's]
conduct"). 

 Also, nothing in the state of evidence shows that appellant was egregiously
harmed. Again, both the complainant and Officer Condon testified that appellant
"violent[ly]" dragged the complainant, which supports an implied finding that
appellant intentionally and knowingly intended to cause the result of bodily injury to
the complainant or acted with awareness that his conduct was reasonably certain to
cause her bodily injury.

 Moreover, nothing in the arguments of counsel demonstrates egregious harm. 
The State actually argued that "intentionally or knowingly causing bodily injury"
refers to a person acting "knowingly with respect to his conduct when he's aware it's
reasonably certain to cause a result." (Emphasis added). 

 Finally, appellant does not present, nor does the record show, any other
relevant information which demonstrates that he suffered egregious harm, i.e., an
actual harm which affected the very basis of the case or deprived him of a valuable
right. See Fields, 966 S.W.2d at 740 (holding that "[i]t is . . . difficult to see how the
trial court's error could be considered harmful, let alone egregiously so"); Ash, 930
S.W.2d at 195 (concluding that defendant did not suffer "egregious harm from the
erroneous jury charge").

 Accordingly, we hold that appellant has not demonstrated that he was
egregiously harmed by the complained-of jury instruction. 

 We overrule appellant's second point of error.



Conclusion

 We affirm the judgment of the trial court.





 Terry Jennings

 Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.


Do not publish. Tex. R. App. P. 47.2(b). 
1. See Tex. Penal Code Ann. § 29.03(a)(3)(A) (Vernon 2003).
2. Officer Condon could not show the jury the videotape because an employee at the
store accidentally recorded over the recording of the robbery.
3. Officer Condon testified that appellant had "glassy eyes" and symptoms of being high
on crack or some other illegal drug.
4. "The nature of the conduct" refers to where "specific acts are criminalized because
of their very nature, a culpable mental state must apply to committing the act itself." 
McQueen v. State, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989). "The result of the
conduct" refers to "unspecified conduct that is criminalized because of its result[,]
[the conduct] requires culpability as to that result." Id. "The circumstances
surrounding the conduct" refers to where "otherwise innocent behavior becomes
criminal because of the circumstances under which it is done, a culpable mental state
is required as to those surrounding circumstances." Id. 
5. See Tex. Penal Code Ann. § 22.02(b) (Vernon Supp. 2007).