NOS.  12-07-00207-CR

                                            12-07-00208-CR

                                            12-07-00209-CR

                                            12-07-00210-CR

                                            12-07-00211-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JOSE CONCEPCION GARCIA,     §                      APPEAL
FROM THE 402ND

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      WOOD
COUNTY, TEXAS

                                                                                                                                       
                    

MEMORANDUM OPINION

            Jose
Concepcion Garcia appeals his conviction for four counts of aggravated sexual
assault of a child and one count of indecency with a child.  In his sole issue, Appellant argues that the
trial court reversibly erred by failing to include in the jury charge a parole
instruction required by article 37.07 of the Texas Code of Criminal
Procedure.  We affirm.

 

Background

            Appellant
was charged by indictment with four counts of aggravated sexual assault of a
child and one count of indecency with a child. 
The victims were three prepubescent brothers, all grandchildren of
Appellant.  The charges related to five
instances of sexual misconduct perpetrated upon the children by Appellant.  One child testified that he remembered
Appellant molesting him when he was only five years old.  








            Appellant
pleaded not guilty and was tried before a jury. 
The jury found Appellant guilty on all five counts.  The jury assessed punishment at life
imprisonment for each of the aggravated sexual assault counts and twenty years
of imprisonment for the indecency count. 
This appeal followed.

 

Parole
Instruction

            Appellant
claims that the trial court erred by failing to include in the jury charge a
parole instruction required by article 37.07 of the Texas Code of Criminal
Procedure.  See Tex. Code Crim. Proc. Ann. art. 37.07
(Vernon Supp. 2007).[1] 
Section 4 of article 37.07 sets forth the circumstances under which a
parole instruction is required.  Id.
§ 4.  The instruction in question would
have informed the jury of the formula used by the State to calculate when a
person is eligible to be considered for parole. 
Id.  For purposes of
our analysis, we have assumed that such an instruction was required.  

            Article
36.19 of the Texas Code of Criminal Procedure governs the appeal of charge
errors. Tex. Code Crim. Proc. Ann.
art. 36.19 (Vernon 2006).  Article 36.19
reads as follows:








 

Whenever it
appears by the record in any criminal action upon appeal that any requirement of
Articles 36.14, 36.15, 36.16, 36.17 and 36.18 has been disregarded, the
judgment shall not be reversed unless . . . it appears from the record that the
defendant has not had a fair and impartial trial.

 








Id. 
A trial court’s disregard of a statutory provision referenced in article
36.19 is an omission that does not require a timely objection or request.  Huizar v. State, 12 S.W.3d 479,
483 (Tex. Crim. App. 2000).  Should
such an error occur, we reverse only if the error is so egregious and created
such harm that the defendant has not had a fair and impartial trial (the “egregious”
harm standard of review).  See Posey
v. State, 966 S.W.2d 57, 61 n.9 (Tex. Crim. App. 1998); Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).  We evaluate the issue of harm “in light of
the entire jury charge, the state of the evidence, including the contested
issues and weight of probative evidence, the argument of counsel and any other
relevant information revealed by the record of the trial as a whole.”  Almanza, 686 S.W.2d at
171.  

            Appellant
affirmatively stated at trial that he had no objection to the charge as given
to the jury.  Therefore, Appellant failed
to preserve error, if any.  See Ly
v. State, 943 S.W.2d 218, 221 (Tex. App.–Houston [1st Dist.] 1997, pet.
ref’d) (“[A] defendant who affirmatively states no objection to a jury charge
at trial may not challenge on appeal any error in that jury charge.”); see Tex. Code Crim. Proc. Ann. arts. 36.14
(Vernon 2007); 36.15 (Vernon 2006).  As
noted by the First District Court of Appeals, “[a]n appellant should not be
allowed to affirmatively approve a jury charge, perhaps for sound strategic
reasons, and then attack the charge on appeal.” 
Ly, 943 S.W.2d at 221.

            Pursuant
to article 36.14, the trial court was required to deliver a charge setting
forth the “law applicable to the case.”  See
Tex. Code Crim. Proc. Ann. art.
36.14.  Article 36.14 is one of the
statutory provisions referenced in article 36.19.  Tex.
Code Crim. Proc. Ann. art. 36.19. 
As such, if a parole instruction is part of the “law applicable to the
case,” its omission is reviewable, despite a lack of preservation, pursuant to
article 36.19.  See Huizar,
12 S.W.3d at 483.

            Article
37.07, section 4 instructs the jury on the mechanics of parole law, and any
instruction set forth in that section is a mandatory jury instruction when a
defendant is tried for a criminal offense listed therein.  See Byrd v. State, 192 S.W.3d 69,
71 (Tex. App.–Houston [14th Dist.] 2006, pet. ref’d) (“Article 37.07, Section 4
instructs the jury on the mechanics of parole law and is a mandatory jury
instruction.”).  Therefore, an article
37.07 parole instruction, where required, is “law applicable to the case.”  See Roberts v. State, 849 S.W.2d
407, 409 (Tex. App.–Fort Worth 1993, pet. ref’d) (holding that an article 37.07
parole instruction was law applicable to the case under article 36.14).  We have assumed, without deciding, that a
parole instruction was required by article 37.07 in this case.  As such, we shall review the trial court’s
alleged error for egregious harm.  See
Posey, 966 S.W.2d at 61 n.9; Almanza, 686 S.W.2d at
171. 

            The
Fort Worth court of appeals addressed a similar issue of egregious harm in Roberts
v. State. See Roberts, 849 S.W.2d 407, 409-10.  In Roberts, the court noted
that “[t]he purpose of this review is to illuminate the actual, not just
theoretical, harm to the accused.” Id. at 410.  The court reasoned that








 

[p]arole
instructions were designed to increase jury sentences. . . . The instructions
inform the jury how good conduct time combines with actual time served to
determine parole eligibility. . . . The State, not the appellant, benefits from
the instructions. . . . Thus, it is hard to see how not giving a charge meant
to increase the length of a sentence harms Roberts.

 








Id.

            Here,
Appellant cites no evidence in the record that the jury considered the issue of
parole in determining Appellant’s punishment. 
Instead, the sole basis of Appellant’s harm argument is as follows:

 








In . . . Appellant’s
case[,] the evidence consisted of the outcry witness who testified that [a
child] told him that . . . Appellant had fondled [the child’s] and [another
child’s] genitals. . . . [These two children merely] testified that . . .
Appellant [“]did nasty things[”] to them. . . . The only testimony that is
sufficient to sustain the convictions came from [a third child]. [The child]
testified that . . . Appellant had fondled [the child’s] genitals and performed
oral sex on all three of [the children.] . . . The record does not
reveal the age of . . . Appellant; however, since he was the victim[s’]
grandfather, one can presume he is middle-aged. 
Yet, in spite of this weak evidence, the jury assessed the maximum
sentences on all counts against a middle aged individual.  Appellant submits this is evidence of
egregious harm. 








 

            Again,
parole instructions were designed to increase jury sentences.  Id.  Also, the assessed punishment in question,
without more, does not indicate whether the jury considered parole.  It simply shows that the jury assessed the
maximum punishments.  Absent any meaningful
citation to the record regarding this issue, “we will not engage in raw speculation
regarding the conduct of the jurors.” 
See Byrd, 192 S.W.3d at 72. 
We hold that Appellant’s egregious harm argument is not sufficient to
warrant a determination that egregious harm occurred.[2]  See Almanza, 686 S.W.2d at 171.
 

            As
an alternative argument, Appellant asserts that we should apply a different
standard of review, alleging that Appellant had a constitutional right to
a  parole instruction.  However, all charge error that has not been
preserved is, where reviewable, governed by the egregious harm standard. See
Posey, 966 S.W.2d at 60 (discussing the Almanza framework
for reviewing charge error).  We overrule
Appellant’s sole issue.  See Roberts,
849 S.W.2d at 410. 

 

Disposition

            We
affirm the judgment of the trial court.

 

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

Opinion delivered February 29, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1]
Because it is unnecessary to do otherwise, we have cited to only the most
current version of the statute in this opinion.





[2]
Neither the State nor Appellant has the burden to prove or disprove harm from
charge error.  Ovalle v. State,
13 S.W.3d 774, 787 (Tex. Crim. App. 2000). 
Instead, it is our duty to assess harm from the context of the
error.  Id. However, the
party making the argument still must suggest, in light of the record, how
prejudice may or may not have occurred and provide us with a clear and concise
argument for the contentions made, with appropriate citations to authorities
and to the record.  Tex. R. App. P. 38.1(h); Ovalle,
13 S.W.3d at 787.