**Edward Steven ASH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–94–01742–CR.**

Court of Appeals of Texas, Dallas.

Aug. 1, 1996.

Jan E. Hemphill, Attorney at Law, Dallas, for Appellant.

Kimberly A. Schaefer, Assistant District Attorney, Dallas, for State.

Before LAGARDE, KINKEADE and MORRIS, JJ.

LAGARDE, Justice.

Edward Steven Ash appeals his conviction by a jury of the offense of robbery. The jury assessed punishment at twenty years' confinement and a $5000 fine. Appellant raises two points of error contending that the trial court erred in: (1) failing to limit the definition of the culpable mental state to the result of appellant's conduct in the jury charge; and (2) its reply to the jury's note. We overrule both points and affirm the trial court's judgment.

Appellant was indicted for aggravated robbery. The indictment alleged that appellant:

unlawfully then and there while in the course of committing theft and with intent to obtain and maintain control of the property of DALHIA JAN RICHARDSON, hereinafter called complainant, said property being a purse and current money of the United States of America, without the effective consent of the said complainant and with intent to deprive the said complainant of said property, did then and there knowingly and intentionally cause serious bodily injury to the said complainant, by striking complainant's head repeatedly against some pavement....

The jury charge defined the terms "intentionally" and "knowingly" as follows:

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

The application portion of the charge pertaining to the lesser included offense of robbery read as follows:

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that defendant, Edward Steven Ash, either acting alone or with another as a party to the offense as that term is herein defined, on or about the 28th day of June, 1994, in the County of Dallas and State of Texas, did then and there while in the course of committing theft and with intent to obtain or maintain control of the property of Dalhia Jan Richardson, hereinafter called complainant, the said property being a purse or current money of the United States of America, without the effective consent of said complainant and with intent to deprive the said complainant of said property, did then and there knowingly or intentionally cause bodily injury to the said complainant, by striking said complainant's head repeatedly against some pavement, you will find the defendant guilty of the offense of robbery, as included in the indictment, and you will make no finding in your verdict as to punishment.

Appellant did not object to this charge.

 The jury charge should contain only that portion of the statutory definition corresponding to the culpable mental state proscribed by the offense. *See Garza v. State*, 794 S.W.2d 497, 500 (Tex.App.—Corpus Christi 1990, pet. ref'd). The type of offense charged will dictate which portions of the culpable mental state definition should be submitted to the jury. *See Skillern v. State*, 890 S.W.2d 849, 869 (Tex.App.—Austin 1994, pet. ref'd).

 There are three "conduct elements" that can be involved in an offense: (1) the nature of the conduct; (2) the result of the conduct; and (3) the circumstances surrounding the conduct. *McQueen v. State*, 781 S.W.2d 600, 603 (Tex.Crim.App.1989). An offense may contain one or more of these "conduct elements," which alone or in combination form the overall behavior that the legislature intended to criminalize, and it is those "conduct elements" to which a culpable mental state must apply. *Id.* If an offense is a "result-oriented" offense, the charge should contain statutory definitions of "intentionally" or "knowingly" that are limited to the specific conduct element required for the offense. *Skillern*, 890 S.W.2d at 869.

■ Courts have previously recognized that different offenses do not fit neatly into the category of "result" or "nature of conduct" offenses. *See id.* at 870–71 (theft); *Murray v. State,* 804 S.W.2d 279, 281 (Tex. App.—Fort Worth 1991, pet. ref'd) (aggravated sexual assault); *Garza,* 794 S.W.2d at 500 (aggravated robbery); *Bosier v. State,* 771 S.W.2d 221, 225 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd) (aggravated robbery). We conclude that robbery, like these other offenses, does not fit neatly into either category. To prove robbery, the State is required to prove that appellant "caused bodily injury"; this refers to a result of the conduct.[1] The portion of the charge requiring that the jury find that appellant caused the bodily injury "in the course of committing theft" refers to the circumstances surrounding the assaultive conduct. And reference to "unlawful appropriation" refers to the nature of the conduct. All three conduct elements, therefore, are appropriate in this case.

Nonetheless, the Court of Criminal Appeals has held that, even if an offense contains all of the conduct elements referenced in the definitions of "knowingly" and "intentionally," a court errs in failing to limit the definitions to the conduct element or elements of the offense to which they apply. *See Patrick v. State,* 906 S.W.2d 481, 492 (Tex.Crim.App.1995), *cert. denied,* — U.S. —, 116 S.Ct. 1323, 134 L.Ed.2d 475 (1996). Although *Patrick* involved a capital murder, the offense involved all three conduct elements, just as in this case. *Skillern, Murray, Garza,* and *Bosier* are pre-*Patrick.* It appears, therefore, that *Patrick* is conceptually indistinguishable from this case. Thus, we conclude that the trial court erred in failing to limit the definitions in the jury charge to the conduct element or elements of the offense to which they apply.

■ But even though we conclude the jury charge was erroneous, we further conclude that the error was harmless. Again, appellant made no objection to the jury charge. For unpreserved charge error to be reversible, the error must have been so harmful that the defendant was denied a fair

and impartial trial. *See Patrick,* 906 S.W.2d at 492; *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984). To meet this burden, the defendant must have suffered actual "egregious" harm. *Almanza,* 686 S.W.2d at 171. In examining charge error, this Court must examine the entire jury charge. *See id.* The issues to be considered by the court include: (1) the charge itself; (2) the state of the evidence including contested issues; (3) argument of counsel; and (4) any other relevant information. *See Hutch v. State,* 922 S.W.2d 166, 171 (Tex.Crim.App.1996); *Bailey v. State,* 867 S.W.2d 42, 43 (Tex.Crim.App. 1993).

The application portion of the charge, which specifically describes the manner and means of committing the offense, *i.e.,* committing bodily injury by "striking the complainant's head repeatedly against the pavement," would tend to limit the culpable mental states to the result of appellant's conduct. *Cf. Hughes v. State,* 897 S.W.2d 285, 296 (Tex.Crim.App.1994), *cert. denied,* — U.S. —, 115 S.Ct. 1967, 131 L.Ed.2d 857 (1995) (reviewing court may consider extent to which application paragraph limits culpable mental states). In addition, only two issues were seriously contested at trial: the reliability of the complainant's identification testimony and whether the case involved an aggravated robbery or robbery. Our interpretation of the issues at trial is bolstered by the jury argument of the parties, where the only issue raised was whether the complainant suffered bodily injury or serious bodily injury. From our examination of the record, we cannot conclude that appellant suffered egregious harm from the erroneous jury charge. We overrule appellant's first point of error.

■ In his second point of error, appellant claims that the trial court erred in its response to a note from the jury during its deliberations. The jury sent a note to the court asking the following:

> We, the jury, request that Judge Meier clarify the definition of "serious bodily in-

---

1. The charge, of course, covered the greater offense of aggravated robbery as well, which would have required the State to prove serious bodily injury; this also refers to a result of the conduct.

jury." We need to know if defendant's intend [sic] in the incident (with regard to an injury), or do we only need to consider the act or results of the act.

The court responded as follows:

> You are instructed that you have been given all of the law and instruction that this Court is, under the law, allowed to give you.

Appellant contends that this inquiry indicates that the jury was confused by the failure to limit the culpable mental states in the jury charge.

 After the jury retires to deliberate, the trial court can give additional jury instructions in writing and, to the extent possible, with the defendant and his counsel present in order to make objections. TEX.CODE CRIM.PROC.ANN. art. 36.27 (Vernon 1981); *Revell v. State,* 885 S.W.2d 206, 211 (Tex. App.—Dallas 1994, pet. ref'd). If the request from a jury for additional instructions is not proper, the court should refer the jury to the court's charge. *See Gamblin v. State,* 476 S.W.2d 18, 20 (Tex.Crim.App.1972).

In the present cause, appellant contends that the note from the jury indicated that it was confused by the jury charge's failure to limit the culpable mental states. However, taken in the context in which the inquiry arose, we cannot agree. The jury was confronted with the indicted offense, aggravated robbery, and the included offense, robbery. Taking the note in its context, it is clear that the jury was interested in whether it could convict appellant of aggravated robbery when he intended to cause serious bodily injury by striking the complainant's head against the pavement (the nature of his conduct) but succeeded in causing only bodily injury (the result of his conduct). The jury resolved this issue by convicting appellant of only the lesser included offense. The court had already told the jury that it could convict appellant of aggravated robbery only if it found that he caused serious bodily injury, and could convict of robbery if it found that appellant caused only bodily injury. We cannot conclude that the trial court's response to the jury's note was erroneous, or that appellant was harmed by it.

We overrule appellant's second point of error and affirm the trial court's judgment.