# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00286-CR

**Richard Joseph Novillo, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 54,118, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Richard Joseph Novillo was convicted by a jury for the offense of aggravated assault with a deadly weapon. *See* Tex. Pen. Code Ann. § 22.02 (West Supp. 2004). The district court assessed punishment and sentenced appellant to twenty years' confinement and a fine of $10,000. Appellant contends that the district court erred by excluding evidence relating to his strained marital relationship with the victim because that evidence was probative of his state of mind and motivation at the time of his actions. We will affirm the judgment of conviction.

### BACKGROUND

Appellant does not contest that on November 1, 2002, he stabbed Amy Grider, his common-law wife, with a pair of scissors. Grider ran to a nearby police station, and appellant was subsequently arrested.

In a motion in limine, the State moved to prevent appellant from exploring the strained marital relationship between appellant and the victim at trial. The district court granted the motion, and appellant agreed to approach the bench before raising any such issues during trial. During trial, appellant three times requested permission to question the State's witnesses about the relationship. Each time, the district court denied the request. At no time did appellant make an offer of proof as to what kind of evidence he hoped to obtain from the witnesses, nor did he contend that the evidence would implicate a defense. Appellant was convicted and sentenced by a jury. This appeal followed.

## DISCUSSION

In his sole point of error, appellant contends that the district court erred by excluding evidence relating to his troubled marital relationship with his common-law wife because that evidence was probative of his state of mind and motivation for his actions. To preserve a complaint that the trial court erroneously excluded evidence, the complaining party must bring forward a record indicating the nature of the evidence. *See* Tex. R. App. P. 33.1, .2; Tex. R. Evid. 103(a)(2). If the excluded evidence is not apparent from the context of the record, it must be brought forward either through a timely offer of proof or a formal bill of exception. *Guidry v. State*, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999). Absent a showing of what such testimony would have been, nothing is presented for review. *Id.* Although appellant sought to introduce the evidence three times, he did not make an offer of proof regarding what the witnesses would say about the couple's relationship, how that would affect his defense, or how it would assist the jury in its deliberations. Accordingly,

2

because appellant made no offer of proof at the time of his objections, appellant waived his right to appeal this issue. *See id.*

In the interest of justice, however, the Court will address the merits of appellant's argument. Preliminary questions concerning admissibility of evidence are determined by the trial court. Tex. R. Evid. 104(a). Such determinations will not be overturned absent a clear abuse of discretion. *Angleton v. State*, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998). The trial court's ruling will be upheld as long as it was within the "zone of reasonable disagreement." *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).

Evidence that is not relevant is not admissible. Tex. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex. R. Evid. 401. In determining whether evidence is relevant, courts look to the purpose for offering the evidence and whether there is a direct or logical connection between the offered evidence and the proposition sought to be proved. *Reed v. State*, 59 S.W.3d 278, 281 (Tex. App.—Fort Worth 2001, pet. ref'd). A trial court may nevertheless exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence. Tex. R. Evid. 403.

In this case, the State filed a motion in limine to exclude evidence concerning appellant's contentious relationship with the victim. A motion in limine is a method of objecting to an area of inquiry prior to the matter reaching the jury. *See Rawlings v. State*, 874 S.W.2d 740,

742 (Tex. App.—Fort Worth 1994, no pet.). The district court granted the State's motion, and both parties agreed that appellant would approach the bench prior to inquiring into the subject and that the court would determine admissibility outside the jury's presence.

A granted motion in limine does not preserve error. *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003). The complaining party must offer evidence at trial and secure an adverse ruling from the court to preserve error for appeal. Tex. R. App. P. 33.1(a)(1)(A). During trial, the district court denied appellant's requests to cross-examine witnesses concerning his relationship with the victim. Appellant argues that evidence of Grider's relationship with another man and Grider's and the other man's alleged drug use should have been allowed. Appellant argues that because his conduct was intentional and knowing, rather than reckless or negligent, he should have been allowed to explain his motivation to cause serious bodily harm by stabbing Grider.

As sole support for this proposition, appellant cites *Field v. State*, 966 S.W.2d 736, 739 (Tex. App.—San Antonio 1998), *rev'd on other grounds*, 1 S.W.3d 687 (Tex. Crim. App. 1999). Section 6.03 of the Texas Penal Code includes three conduct elements: (1) the nature of the conduct, (2) the result of the conduct, and (3) the circumstances surrounding the conduct. Tex. Pen. Code Ann. § 6.03 (West 2003); *Field*, 966 S.W.2d at 739. Appellant interprets *Field* as allowing the introduction of evidence regarding "the circumstances surrounding the conduct" and argues that "a liberal interpretation of the term 'the circumstances surrounding the conduct' would include events or elements which caused the appellant's attitude and conduct to deviate from the normal." *Field*, however, stands for no such proposition. Rather, *Field* plainly states that "Texas courts require that, in the judge's charge to the jury, the 'intentional' and 'knowing' requirements be confined to the

*specific conduct element required to prove the alleged offense.*" *Field*, 966 S.W.2d at 739 (emphasis added) (citing *Ash v. State*, 930 S.W.2d 192, 194 (Tex. App.—Dallas 1996, no pet.)).

The court of criminal appeals has explained the function of the "conduct elements" as follows:

> An offense may contain any one or more of these "conduct elements" which alone or in combination form the overall behavior which the Legislature has intended to criminalize, and it is those essential "conduct elements" to which a culpable mental state must apply. *See* [Tex. Pen. Code Ann. § 6.03]. For example, where specific acts are criminalized because of their very nature, a culpable mental state must apply to committing the act itself. *See, e.g.*, [Tex. Pen. Code Ann.], Chapter 47 (gambling offenses). On the other hand, unspecified conduct that is criminalized because of its result requires culpability as to that result. [*Alvarado v. State*, 704 S.W.2d 36, 39 (Tex. Crim. App. 1985)] (injury to a child); [*Lugo-Lugo v. State*, 650 S.W.2d 72, 81 (Tex. Crim. App. 1983)] (murder); *Kelly v. State*, 748 S.W.2d 236 (Tex. Crim. App. 1988) (injury to an elderly individual). Likewise, where otherwise innocent behavior becomes criminal because of the circumstances under which it is done, a culpable mental state is required as to those surrounding circumstances. *McClain v. State*, 687 S.W.2d 350 (Tex. Crim. App. 1985) (theft).

*McQueen v. State*, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989) (holding culpable mental state of "knowingly" applied to "circumstances surrounding the conduct" in crime of unauthorized use of motor vehicle).

An assault becomes an "aggravated assault" if serious bodily injury results or if a deadly weapon is used or exhibited during the commission of the assault. Tex. Pen. Code Ann. § 22.02 (West Supp. 2004). Because the only conduct elements potentially implicated for the crime of aggravated assault are "the nature of the conduct" and "the result of the conduct," the "circumstances surrounding the conduct" are not relevant. *See McQueen*, 781 S.W.2d at 603. We

5

therefore reject appellant's assertion that the district court was required to admit evidence regarding the "circumstances surrounding the conduct."

The trial court was well within its discretion to deny these requests because appellant's state of mind and motivation for the assault were irrelevant to his culpability for the crime of aggravated assault. Notably, appellant did not argue at trial, nor does he argue now, that the evidence related to a specific defense. Because the evidence was not relevant, and because the district court was not required to admit evidence regarding the "circumstances surrounding the conduct," the district court did not abuse its discretion in excluding it.

## CONCLUSION

Having overruled appellant's sole issue, we affirm the judgment of conviction.

_____

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: June 10, 2004

Do Not Publish

6