

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00215-CR
_____

DARRYL WAYLON SHARP, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court
Collin County, Texas
Trial Court No. 429-81859-09

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Darryl Waylon Sharp stands convicted, by a Collin County[1] jury, of the offense of sexual assault[2] and has been sentenced to twenty years' imprisonment and a $10,000.00 fine. Sharp appeals his conviction on a single ground, that the trial court, when defining "intentionally" and "knowingly" for the jury, erred in including language relating to the nature of the conduct. We affirm the trial court's judgment, because sexual assault is a nature-of-conduct offense.

Our review of error in this jury charge involves a two-step process. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005); *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); *see also Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009). Initially, we determine whether error occurred, and then evaluate whether sufficient harm resulted from the error to require reversal. *Abdnor*, 871 S. W.2d at 731–32.

The trial court's charge informed, "Our law provides that a person commits the offense of Sexual Assault if the person intentionally or knowingly causes the penetration of the sexual organ of another person by any means, without that person's consent." The following definitions of intentionally and knowingly were included:

> A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

---

[1] Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Fifth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2] The jury acquitted Sharp of aggravated sexual assault and found him guilty of the lesser included offense of sexual assault.

2

A person acts knowingly or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

Sharp's trial counsel objected to the inclusion of the instructions because, "[w]ell, we are looking for an instruction that uses the result-oriented portions of the mental states of intentionally and knowingly." Counsel wanted the court to "basically, take out 'or desire to engage in the conduct'" because the "[c]harge would authorize a conviction on simply engaging in the conduct alleged as opposed to the result alleged." Sharp's appellate brief argues that the "Aggravated Sexual Assault under which Appellant was originally indicted and tried is a 'result oriented crime,'" and complains that inclusion of language relating to the nature of the conduct was error.

"Sex offenses are . . . nature of conduct crimes." *Young v. State*, 341 S.W.3d 417, 423 n.20 (Tex. 2011) (quoting *Huffman v. State*, 267 S.W.3d 902, 906 (Tex. Crim. App. 2008)); *Vick v. State*, 991 S.W.2d 830, 832 (Tex. Crim. App. 1999) (Aggravated sexual assault is a "conduct-oriented offense in which the legislature criminalized very specific conduct of several different types."); *Mathonican v. State*, 194 S.W.3d 59, 64 (Tex. App.—Texarkana 2006, no pet.) (sexual assault is conduct-oriented offense). Accordingly, the trial court properly refused to remove the nature-of-conduct language from the challenged definitions.[3]

---

[3]It is error not to limit the definitions in the jury charge to the conduct element or elements of the offense to which they apply. *Patrick v. State*, 906 S.W.2d 481, 491 (Tex. Crim. App. 1995); *Cook v. State*, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994); *Ash v. State*, 930 S.W.2d 192, 195 (Tex. App.—Dallas 1996, no pet.). Both at trial and on appeal, Sharp consistently argued only that the inclusion of the nature-of-conduct language was erroneous. Sharp did not ask this Court to review the trial court's failure to limit the jury charge by removing the result of conduct

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:    July 5, 2012
Date Decided:    July 17, 2012

Do Not Publish

---

language. Had he done so, we could have addressed this question pursuant to *Almanza.* As it stands, we decline to address sua sponte the issue of whether inclusion of the result-of-conduct language was erroneous.