**Affirm and Opinion Filed April 23, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00835-CR**

**ROOSEVELT HOLLINS, JR., Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-83183-2011**

**OPINION**

Before Justices Francis, Lang, and Evans
Opinion by Justice Evans

Roosevelt Hollins, Jr. was convicted by a jury of failing to comply with the requirements of the sex offender registration program and sentenced by the trial court to five years' confinement. He now complains the trial court erred in admitting evidence of his failure to report a change in employment, failing to accurately instruct the jury in light of its question to the court, admitting into evidence testimony about a statement made by appellant when he was booked into jail, admitting into evidence a judgment and sentence showing appellant's previous sexual offense without a basis to connect appellant to the judgment and sentence. He further complains the evidence against him is legally insufficient to support the verdict. We affirm the trial court's judgment.

## BACKGROUND

Appellant was convicted of sexual assault on October 21, 1986. When appellant registered as a sex offender, he was informed that, among other things, he would have to update his address within seven days of changing it. On October 21, 2011, appellant went to the McKinney Police Department records division to update his employment information, also in accordance with his sex offender registration. Appellant reported that he had started a new job with Food Source grocery store. He did not, however, report a new address for himself. While at the police department, appellant was arrested on a warrant for failing to update his address information.

Douglas Bollin knew appellant through church. In September 2011, when he learned appellant needed a place to stay, he agreed to let appellant live with him in the house he was renting at 911 Lindsey Street in McKinney. Bollin agreed to charge appellant $60 per month in rent. About one week after appellant moved some things into the house, Bollin discovered from appellant's parole officer that appellant was a sex offender. Bollin signed an affidavit at the police station stating that appellant was living at the house at 911 Lindsey. Bollin understood that appellant and his wife were losing their home and that appellant's wife was going to be staying with friends and family where appellant could not stay.

Over time, Bollin noticed that appellant did not seem to be staying at the house. Appellant's bed seemed to never be unmade. Bollin and appellant would occasionally see each other in the morning for about fifteen minutes, but that was the extent of their meetings in the house. Bollin explained that he works twelve-hour night shifts three or four nights per week. Even though appellant was unemployed when he moved into the house, Bollin never saw him at the house. Appellant had no items in the bathroom the two men shared. The food appellant put in the refrigerator when he moved into the house remained untouched. Bollin occasionally

noticed an ashtray in different locations in the house, but that was the only change Bollin noticed showing appellant had been to the house while he was not there.

After a while, Bollin became concerned that the affidavit he had given police vouching for appellant's address was untrue. He confronted appellant about the situation, and appellant informed Bollin that he needed to be with his wife. Bollin asked appellant to spend at least two to three nights a week at the house so that Bollin could feel alright about saying appellant stayed at the house. Bollin told appellant that they started their relationship with a lie, and appellant responded that he thought Bollin understood he would be using the address only for registration purposes and actually staying with his wife. Bollin told appellant that if he did not make the situation right, he would withdraw his affidavit. Appellant told Bollin he would "work on it," but the situation never improved. Over the next couple of weeks, Bollin tried to reach appellant by phone, but appellant never answered or returned Bollin's calls. At that point, Bollin decided to withdraw his affidavit.

Bollin testified that appellant had owed him $60 before he moved into Bollin's house. According to Bollin, appellant repaid the $60 debt but never paid Bollin any rent. Bollin asserted that he had not made the claim against appellant because he owed him rent money and that he was not mad at appellant or trying to get him in trouble.

Officer Randy Agan of the McKinney Police Department explained that under the sex offender registration law, if a sex offender plans to move to a new residence, he must notify the police department about the new residence no later than seven days before the move. Agan was personally familiar with appellant and checked on appellant's residence registration before he moved to the Linsdey address. Agan also did a compliance check on appellant at the 911 Lindsey location on September 19, 2011. On October 20, 2011, Agan returned to the Lindsey address when Bollin contacted him about withdrawing his affidavit. Agan looked around the

house at that time but, because he had not gone through the house in September, he was unable to determine if appellant was living in the house. Based on the information he received from Bollin, Agan prepared a warrant affidavit stating that appellant had violated his sex offender registration requirements. On October 21, when appellant visited the police department to update his employment information, Agan arrested appellant pursuant to the warrant. Agan explained that once a registered sex offender is hired by an employer, he has seven days from the time he receives employment to update his status with the police department.

Officer Steve Cole, also with the McKinney Police Department, testified that following appellant's arrest, he transported appellant from the police department to the Collin County Jail. While booking appellant into the jail, Cole saw the 911 Lindsey address on appellant's driver's license and asked him if that was his current address. Appellant responded that he was not currently living at the address. When Cole asked appellant where he was currently living, appellant told Cole to write down 911 Lindsey because he still "goes by there." Cole knew at the time that appellant was a sex offender subject to registration requirements.

For the defense, appellant's parole officer, Ronald Wilson, testified that he had visited appellant at the 911 Lindsey home on September 13 and October 10, 2011 at approximately 10 a.m. each time. Wilson believed appellant was living in the house and did not think appellant was hiding anything from him. Wilson admitted that he sometimes called appellant in advance of his home visits. He could not recall whether he had called appellant to give him notice of the two home visits at 911 Lindsey. Wilson said that he knew the Lindsey address was meant to be temporary, but he admitted appellant never told him of plans to move to a new address.

Wilson also testified that appellant was convicted of sexual assault in Dallas County in cause number F-86-89106-VM. Wilson said appellant was sent to prison for the crime and is now on parole for that offense.

–4–

Mary Lu Herrington, human resource manager at Food Source, testified that appellant was employed by Food Source from September 21 through October 20, 2011. Through Herrington, the defense admitted appellant's timecard records into evidence. Herrington stated that appellant worked from 6:00 p.m. to between 3:00 and 5:00 a.m. the next day generally Monday through Friday and on some Saturdays. Appellant's job records listed 911 Lindsey as his residence.

Also for the defense, Betty and Dennis Palmer testified that they were the landlords for Bollin and appellant and lived in a house directly across the street from 911 Lindsey. The Palmers stated that they saw appellant on the front porch and they saw him go in and out of the house. The Palmers never went in the house while appellant was living there.

**ANALYSIS**

### I. Extraneous Offense Evidence

In his first issue, appellant complains the trial court erred in admitting into evidence the extraneous offense of his failure to report a change in his employment. At trial, when the custodian of records for the McKinney Police Department attempted to testify about the requirements for sex offenders to register a change in their employment, appellant's attorney objected on the basis of relevance. The trial court overruled the objection. Appellant now complains the evidence violates rule of evidence 404(b) because the testimony constituted extraneous offense evidence. By failing to raise an extraneous offense objection at trial, appellant has waived this complaint on appeal. *See* TEX. R. APP. P.33.1; *Medina v. State*, 633, 643 (Tex. Crim. App. 1999). We resolve appellant's first issue against him.

### II. Request for Additional Jury Instructions

In his second issue, appellant complains the trial court erred by instructing the jury to continue deliberating in the case without additional instructions after the jury sent out a note

asking if it was supposed to consider appellant's failure to report his change in employment when deciding the case. During the jury's deliberations for the guilt-innocence phase of trial, the jury sent out a note asking the following:

> Are we limited to the reporting of the address change or are we also considering the reporting of the employment change for the conviction?
>
> In other words, are we convicting for just the address reporting or for failing to report the employment change also?

The trial court proposed responding to the note by stating that the jury had "all of the law and the evidence in this matter." The State did not object to this response, but appellant requested that the trial court direct the jury to the application paragraph in its response. The trial court denied the request and proceeded to give the jury in writing the response it had proposed in addition to an instruction to continue deliberations.

Appellant now argues that the trial court erred by refusing to include (1) a limiting instruction in the jury charge pertaining to the evidence of appellant's failure to timely update his change of employment; (2) a reasonable doubt instruction; and (3) an instruction directing the jury to the application paragraph of the charge. A trial court must instruct the jury on the law applicable to the case. TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). A trial court is allowed to give a supplemental instruction if it is requested by the jury. *See Guajardo v. State*, 176 S.W.3d 402, 406 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). When the trial judge responds substantively to a jury question during deliberations, that response essentially amounts to a supplemental jury instruction. *Id*. at 405. If the request from a jury for additional instructions is not proper, however, the court should refer the jury to the court's charge. *See Ash v. State*, 930 S.W.2d 192, 196 (Tex. App.—Dallas, 1992, no pet.). Because a trial court's answer to a jury's question must comply with the same rules that govern jury charges, the trial court generally must limit its answer to setting forth the law applicable to the case; it must not express

any opinion as to the weight of the evidence, sum up the testimony, discuss the facts, or use any response calculated to arouse the sympathy or excite the passions of the jury. *Lucio v. State*, 353 S.W.2d 873, 875 (Tex. Crim. App. 2011).

The application paragraph in appellant's case clearly described the offense appellant was charged with committing and specified that the jury would have to find the elements of the offense beyond a reasonable doubt to find appellant guilty. By referring the jury back to the original charge without adding additional instructions, the trial court properly directed the jury to the law applicable to appellant's case without commenting on the weight of the evidence. The trial court did not err in its answer to the jury's note. We resolve appellant's second issue against him.

### III. Answer to Book-In Question

In his third issue, appellant complains the trial court erred in permitting Officer Cole to testify about information appellant gave when he was booked into jail. In determining whether a question asked during a jail book-in procedure elicited an answer that will be admissible at trial, a trial court must decide whether, under the totality of the circumstances, the question is reasonably related to a legitimate administrative concern. *Alford v. State*, 358 SW.3d 647, 661 (Tex. Crim. App. 2012), *cert. denied*, 133 S. Ct. 647 (2012). We review de novo the objective reasonableness of a question's stated administrative purpose but defer to the trial court's resolution of disputed facts. *See id*.

Here, appellant was asked where he lived. Cole looked at appellant's driver's license, which listed appellant's address as 911 Lindsey. Cole then asked appellant if he still lived at the address and he said he did not. Appellant told Cole he did not have a current address so the officer should use 911 Lindsey because he still "goes by there" on occasion. An inquiry about appellant's address was reasonably related to the jail's legitimate administrative concern for

–7–

keeping accurate records on the inmates. *See Pennsylvania v. Muniz*, 496 U.S. 582, 601 (1990). Thus, appellant's answer to the question was admissible regardless of the fact that the question might elicit incriminating information. *See Alford*, 358 S.W.3d at 660–61. We resolve appellant's third issue against him.

### IV. Evidence Connecting Appellant to Sex Assault Judgment

Appellant complains in his fourth issue that the trial court erred in admitting into evidence the judgment showing the underlying sexual assault that required him to register as a sex offender. He argues that the evidence failed to connect him to the judgment. The court of criminal appeals held in *Flowers v. State*, 220 S.W.3d 919 (Tex. Crim. App. 2007), that to demonstrate a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt both that the prior conviction exists and that the defendant is linked to that conviction. *See id.* at 921. Nevertheless, no specific method is required to prove these two elements, and the State may prove them in a number of different ways. *Id*.

Here, appellant's parole officer since 2008, Ronald Wilson, testified that appellant had been convicted of sexual assault in Dallas County in cause number F86-89106-VM. Wilson specified that appellant was sent to prison for the offense and that sexual assault was the offense for which appellant was on parole. The judgment admitted into evidence states that in cause number F86-89106-VM, Roosevelt Hollins was convicted of sexual assault in the 194th Judicial District Court of Dallas County and sentenced to forty years' confinement in the Texas Department of Corrections on October 21, 1986. Various documents illustrating appellant's sex offender registration also stated that Roosevelt Hollins was convicted on October 21, 1986 of sexual assault in cause number F86-89106-VM and sentenced to forty years' confinement. An employee in the McKinney Police Department sex offender registration division testified that she was familiar with appellant and recognized his signature on the sex offender registration form for

the City of McKinney from 2005. The signature on that document matched the other signed sex offender update forms that listed the October 21, 1986 sexual conviction and the cause number of F86-89106-VM.

Combining all the above information, the evidence sufficiently linked appellant with the sexual assault judgment contained in State's Exhibit 5. *See Davis v. State*, 268 S.W.3d 683, 715–16 (Tex. App.—Fort Worth 2008, pet. ref'd). The trial court did not err in admitting the judgment into evidence. We resolve appellant's fourth issue against him.

### V.  Legal Sufficiency of the Evidence

In his final issue, appellant challenges the legal sufficiency of the evidence supporting his guilt. He particularly contends the State failed to prove he intentionally, knowingly, or recklessly failed to report a change of address and there was insufficient evidence to prove he was same person convicted of the underlying sex assault alleged in the indictment. We disagree.

When addressing a legal sufficiency challenge, this Court reviews the evidence in the light most favorable to the jury's verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We give deference to "the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper,* 214 S.W.3d at 13 (citing *Jackson,* 443 U.S. at 318–19). The jury is free to accept or reject any or all evidence presented by either side. *See Lancon v. State,* 253 S.W.3d 699, 707 (Tex. Crim. App. 2008).

Viewed in the light most favorable to the verdict, the evidence at appellant's trial showed he was on parole for the specific sex assault alleged in the indictment and confessed to Bollin that he had to register his address with the city due to his sex offender status. Appellant

specifically admitted to Bollin that he intended to use 911 Lindsey as his registered address while he persisted in living elsewhere with his wife. Appellant, having previously been convicted of the underlying sex assault, was aware of the requirement that he accurately report any change in his home address and nevertheless failed to comply with that requirement. The evidence against him is legally sufficient. We resolve appellant's fifth issue against him.

We affirm the trial court's judgment.

/David W. Evans/
DAVID W. EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120835F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ROOSEVELT HOLLINS, JR., Appellant

No. 05-12-00835-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas

Trial Court Cause No. 219-83183-2011.

Opinion delivered by Justice Evans.

Justices Francis and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 23rd day of April, 2013.

/David W. Evans/

DAVID W. EVANS
JUSTICE