**AFFIRM; and Opinion Filed December 29, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01515-CR
### No. 05-13-01516-CR

**SHEMONT JAYRON GULLATT, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

## On Appeal from the 363rd Judicial District Court
## Dallas County, Texas
## Trial Court Cause Nos. F-11-61616-W and F-11-70820-W

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Brown
Opinion by Justice O'Neill

In case number 05-13-01515-CR, appellant Shemont Gullatt appeals his conviction for aggravated robbery with a deadly weapon. In case number 05-13-01516-CR, he appeals his conviction for continuous violence against the family. The background and facts of both cases are well-known to the parties; thus, we do not recite them here. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. RS. APP. P. 47.2(a), 47.4.

### Appeal No. 05-13-01515-CR

Appellant robbed George Yovonie, the operator of an ice cream truck, and shot him in the course of the robbery. Yovonie is confined to a wheelchair as a result. A jury convicted appellant of aggravated robbery with a deadly weapon and assessed punishment of 30 years' imprisonment. In three issues, appellant complains of error in the jury charge. Because

appellant did not object to the charge at trial, we review his complaint to determine if any error in the charge was "fundamental" and caused "egregious harm." *See Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013) (explaining applicable standards of review).

In his first issue, appellant contends the trial court erred "by failing to limit the definitions of intentionally and knowingly in the jury charge to the applicable conduct elements." There are three "conduct elements" which may be involved in an offense: (1) the nature of the conduct, (2) the result of the conduct, and (3) the circumstances surrounding the conduct. *Cook v. State*, 884 S.W.2d 485, 487 (Tex. Crim. App. 1994). The culpable mental state definitions in the charge must be tailored to the conduct elements of the offense. *Id.*

Citing our opinion in *Ash v. State*, 930 S.W.2d 192, 195 (Tex. App.—Dallas 1996, no pet.), appellant argues that even though all three conduct elements are involved in the offense of aggravated robbery, the trial court must limit the definitions in the jury charge to the conduct element of the offense to which they apply. He contends that the application paragraph of the charge did not limit the culpable mental states to their relevant conduct elements; specifically, that "[n]o instruction was given as to the circumstances surrounding Appellant's conduct and applied to the appropriation of property," so that the jury had "no guidance on how to link the culpable mental state to the act." The application paragraph of the charge provided:

> Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that the defendant, Shemont Jayron Gullatt, either acting alone or as a party with Samuel Davis, on or about the 30th day of October, A.D., 2011, in the County of Dallas, and State of Texas, as alleged in the indictment, did then and there intentionally or knowingly, while in the course of committing theft of property and with intent to obtain or maintain control of said property, cause bodily injury to another, George Yovonie, hereinafter called complainant, by shooting complainant with a firearm, and the defendant, either acting alone or as a party with Samuel Davis, did then and there use or exhibit a deadly weapon, to-wit: a firearm, then you will find the defendant guilty of the offense of Aggravated Robbery with a Deadly Weapon and so say by your verdict.

The State contends the mental states "intentionally or knowingly" directly modify the phrase "cause bodily injury," and thus refer to the result of this conduct. *See Ash*, 930 S.W.2d at 195 ("To prove robbery, the State is required to prove that appellant 'caused bodily injury'; this refers to a result of the conduct."). The State also argues that the paragraph asks whether appellant acted "with intent to obtain or maintain control" of property, and thus refers to the nature of appellant's conduct. *See id.* (reference to "unlawful appropriation" refers to nature of conduct).

In *Ash*, we concluded the jury charge was erroneous, but further concluded that the error was harmless. *Id.* As here, the appellant failed to object to the jury charge. *Id.* We examined the charge to determine if the defendant suffered "egregious harm." *Id.* We considered (1) the charge itself; (2) the state of the evidence including contested issues; (3) argument of counsel; and (4) any other relevant information. *Id.* As the State points out, the application portion of the charge tends to limit the culpable mental states to the applicable conduct element. *See id.* Further, appellant's counsel informed the jury both in voir dire and in closing argument that appellant was guilty of the charge; he argued that the "real trial" was "with regards to the issue of proper punishment." Out of the presence of the jury, before closing argument, appellant confirmed his agreement with his counsel's strategy of "not . . . contesting the issue of whether or not you were guilty." Therefore, any error in the charge did not result in egregious harm to appellant. *See id.* We decide appellant's first issue against him.

In his second issue, appellant contends the trial court erred "by including reasonable doubt in the jury charge." The instruction in question read: "It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all reasonable doubt concerning the defendant's guilt." We rejected this argument in *O'Canas v. State*, 140 S.W.3d 695, 700–02 (Tex. App.—Dallas 2003, pet. ref'd). In *O'Canas*,

we considered whether an identical instruction impermissibly defined "reasonable doubt" under the court of criminal appeals' opinion in *Paulson v. State*, 28 S.W.3d 570, 572 (Tex. Crim. App. 2000). We concluded that the instruction "simply states the legally correct proposition that the prosecution's burden is to establish proof beyond a *reasonable* doubt and not *all possible* doubt." *O'Canas*, 140 S.W.3d at 702. Therefore, the instruction did not define reasonable doubt and the trial court did not err by including it in the jury charge. *Id.* We decline appellant's invitation to overrule *O'Canas*, and we decide his second issue against him.

In his third issue, appellant argues the trial court erred by informing the jury about good conduct time because he was ineligible for good conduct time. He further argues that even though he failed to object, the "egregious harm" standard does not apply because the error was in violation of the United States Constitution. In *Luquis v. State*, 72 S.W.3d 355, 368 (Tex. Crim. App. 2002), the court examined these arguments at length and concluded there was no violation of an appellant's due process rights by instructing the jury in accordance with statute. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, section 4(a) (West Supp. 2014) (required instruction regarding parole and good conduct time). We decide appellant's third issue against him.

### Appeal No. 05-13-01516-CR

Appellant was charged with continuous violence against the family. He pleaded guilty. The trial court deferred adjudication, sentenced him to three years' probation, and imposed a $2,000 fine. When the State later moved to revoke his probation, appellant pleaded true. The trial court then sentenced him to 10 years' confinement to run consecutively with his sentence in the aggravated robbery case. In a single issue, appellant contends the trial court lacked jurisdiction to hear the case and render judgment because the case was not transferred to its docket.

The basis for appellant's argument is that the indictment in his case was presented to Dallas Criminal District Court Number Four; subsequently, the case appeared on the docket of the 363rd Criminal District Court of Dallas County, which conducted the trial and rendered judgment. No transfer order was executed. Because appellant did not file a formal plea to the jurisdiction with the trial court, he failed to preserve this complaint for appeal. *See Gates v. State*, No. 05-11-00404-CR, 2012 WL 753647, at *1 (Tex. App.—Dallas March 9, 2012, pet. ref'd) (not designated for publication); *Lemasurier v. State*, 91 S.W.3d 897, 899–900 (Tex. App.—Fort Worth 2002, pet. ref'd) (fact that no transfer order contained in record is procedural matter, not jurisdictional; defendant who fails to file plea to jurisdiction waives complaint). We decide appellant's issue against him.

## CONCLUSION

Having resolved appellant's four issues in his two appeals, we affirm the judgments of the trial courts.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

131515F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SHEMONT JAYRON GULLATT,
Appellant

No. 05-13-01515-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-11-61616-W.
Opinion delivered by Justice O'Neill,
Justices Lang-Miers and Brown
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 29th day of December, 2014.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SHEMONT JAYRON GULLATT,
Appellant

No. 05-13-01516-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-11-70820-W.
Opinion delivered by Justice O'Neill,
Justices Lang-Miers and Brown
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 29th day of December, 2014.