**AFFIRM; and Opinion Filed April 13, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00521-CR

### GREGORY ALLEN ROBINSON, JR, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1334479-R**

## MEMORANDUM OPINION

Before Justices Myers, Evans, and O'Neill[1]
Opinion by Justice O'Neill

Appellant Gregory Allen Robinson, Jr. appeals his jury conviction for burglary of a building. After the finding of guilt by a jury, the parties reached a plea agreement on punishment. The trial court found the enhancement paragraphs true, and pursuant to the plea agreement, assessed appellant's punishment at ten years' confinement. Appellant raises four points of error: the trial court erred by 1) denying his motion to suppress his confession, 2) failing to limit the definitions of intentionally and knowingly in the jury charge, 3) including a definition of reasonable doubt in the jury charge, and 4) proceeding to trial when it lacked jurisdiction. For the reasons that follow, we affirm the trial court's judgment. Because the issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4.

---

[1] The Hon. Michael J. O'Neill, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

An alarm was triggered when a convenience store in Irving, Texas was burglarized on July 9, 2013, at 4:45 a.m.; the store was closed. Surveillance cameras recorded the burglary. The video shows two men, one wearing a white shirt and long pants and the other wearing shorts. Both men were shown inside the store stealing cigarettes, and trying to open the cash register behind the counter. The front door and cash register were both damaged during the burglary.

After the alarm alerted the authorities, the Irving police responded. Officer Brian Stahl arrived first and saw two men running from the store, carrying a large trash can and a bucket; both men were wearing ski masks. The men dropped their containers, ripped off their masks, and fled in opposite directions. One man was seen jumping into a nearby creek and over a backyard fence. Officer Stahl reported a vehicle parked at the store. This vehicle contained items from the burglary, including a yellow pry bar carried by the men in the video. It was later determined this vehicle was owned by appellant's wife.

Officer Jonathon Long arrived in pursuit of the men. While Long was looking for the suspects, appellant was attempting to jump over a fence into a backyard. The fence collapsed directly in front of Officer Long. Officer Long apprehended appellant, who was wearing a white shirt with long pants and was wet and muddy from being in the creek.

After his apprehension, appellant was taken to the Irving police station where he was interviewed by Detective Dennis Johnson. The interview was videotaped and played for the jury during the trial. During the interview, appellant admitted he was with another man, inside the store, and discussed how he was indebted to this other man.

Appellant was charged with intentionally and knowingly entering a building without the effective consent of the owner and committing a theft. The indictment also included two prior convictions for burglary of a building, one in 2010 and the other in 2005. A jury found him

guilty, and the trial court assessed his punishment pursuant to a plea agreement reached by the parties. Appellant now appeals the trial court's judgment.

### Motion to Suppress the Confession

In his first point of error, appellant asserts the trial court erred by denying his motion to suppress his confession. Appellant admits he was read his *Miranda* rights during the interview, but he contends there was no express waiver and his words and actions do not lead to a clear inference that he voluntarily and knowingly waived his right to remain silent. *See Miranda v. Arizona*, 384 U.S. 436 (1966); TEX. CODE CRIM. PROC. ANN. art. 38.22 (West Supp. 2014). The State argues appellant knowingly, intelligently, and voluntarily waived his right to remain silent when he continued to talk to the officer.

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Leza v. State*, 351 S.W.3d 344, 348 (Tex. Crim. App. 2011). We measure the propriety of the trial court's ruling with respect to alleged *Miranda* violations "under the totality of the circumstances, almost wholly deferring to the trial court on questions of historical fact and credibility, but reviewing de novo all questions of law and mixed questions of law and fact that do not turn on credibility determinations." *Id*.

The State has the burden of establishing a valid waiver of *Miranda* rights by a preponderance of the evidence. *Id*. A waiver of *Miranda* rights has two distinct dimensions: 1) "the waiver must be voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception," and 2) "the waiver must be made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." *Ripkowski v. State*, 61 S.W.3d 378, 384 (Tex. Crim. App. 2001). As to the voluntariness issue, appellant does not contend, and the record does not show, that law

enforcement agents coerced, intimidated, or deceived appellant in any manner. The pertinent record testimony follows:[2]

> [OFFICER]: Do you understand all that?
>
> [APPELLANT]: Mm hum.
>
> [OFFICER]: Do you want to talk to me about why you're here?
>
> [APPELLANT]: I know I got chased.

The interrogation continued with appellant making several admissions that implicated himself as a party to the burglary. Appellant argues that because he sat passively during the entire interrogation, fell asleep occasionally, was very tired due to the "lateness of the hour,"[3] and was not paying attention to the officer, the totality of the circumstances show the waiver was defective. We disagree and find appellant's argument lacks merit.

From the video recording, it is clear that appellant was read his *Miranda* rights in compliance with Texas law. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22. Appellant's finding the officer's warnings to be of "no concern" does not establish appellant's waiver is ineffective. Immediately after being warned by Detective Johnson that he had the right to remain silent, appellant willingly participated in a thirty-six minute interview. The video shows Detective Johnson asked appellant if he needed to call anyone and appellant answered yes, he needed to call his wife. Detective Johnson obtained a telephone and assisted appellant with calling his wife, who hung up on him, and Detective Johnson assisted with calling appellant's wife a second time. At no time did appellant ask for an attorney, and at no time did appellant ask to stop the interview. The record shows no evidence of intimidation, deception, or coercion. In considering

---

[2] Appellant's brief does not comply with the Texas Rules of Appellate Procedure. We note that in the argument section of his brief, appellant's counsel fails to offer a single record citation. *See* TEX. R. APP. P. 38.1(i).

[3] As to the "lateness of the hour," we note the burglary alarm alerted the police at 4:45 am, and appellant's interview with Detective Johnson occurred at 8:16 am.

the totality of the circumstances surrounding the interrogation, including appellant's background and conduct, we conclude appellant voluntarily, knowingly, and intentionally, waived his *Miranda* rights. Accordingly, we resolve appellant's first point of error against him.

### *Jury Charge Errors*

In appellant's second and third points of error, he complains about definitions contained in the jury charge. Specifically, appellant argues the trial court erred by failing to limit the definitions of intentionally and knowingly to the relevant conduct elements of the underlying offense and by including a definition of reasonable doubt in the charge.

We review a trial court's jury charge to first determine whether error exists. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). If error does exist, we must determine whether the error caused sufficient harm to warrant reversal. *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005). When, as here, the error was not objected to, the error must be "fundamental" and requires reversal "only if it was so egregious and created such harm that the defendant 'has not had a fair and impartial trial.'" *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009) (quoting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)). Egregious harm exists when the record shows that a defendant has suffered actual, rather than theoretical, harm from jury-charge error. *Nava v. State*, 415 S.W.3d 289, 298 (Tex. Crim. App. 2013).

In appellant's second point of error, he argues the trial court erred by failing to limit the definitions of intentionally and knowingly to the relevant conduct elements of the underlying offense. There are three "conduct elements" that may be involved in an offense: 1) the nature of the conduct, 2) the result of the conduct, and 3) the circumstances surrounding the conduct. *Cook v. State*, 884 S.W.2d 485, 487 (Tex. Crim. App. 1994). The culpable mental state definitions in the charge must be tailored to the conduct elements of the offense. *Id*. The "gravamen of a

burglary is the entry without the effective consent of the owner and with the requisite mental state." *Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006). When a burglary is committed, the harm results from the entry itself. *Id.* In this case, the relevant jury instructions read as follows:

> A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

> A person acts knowingly, or with knowledge, with respect to the nature of his conduct when he is aware of the nature of his conduct. A person acts knowingly, or with knowledge, with respect to the result of his conduct when he is aware that his conduct is reasonable certain to cause the result.

The State concedes the court's charge should not have included the result-of-the-conduct language in the definitions of intentionally and knowingly. Thus, we conclude that the trial court erred in failing to limit the definitions in the jury charge to the conduct element or elements of the offense to which they apply.

Even though we conclude the jury charge was erroneous, we further conclude that the error was harmless. At trial, appellant did not object to this charge. For unpreserved charge error to be reversible, the error must have been so harmful that the defendant was denied a fair and impartial trial. *See Ngo*, 175 S.W.3d at 743. When examining charge error, this Court must examine the entire jury charge. *Almanza,* 686 S.W.2d at 171. The issues to be considered by the Court include the charge itself, the state of the evidence including contested issues, argument of counsel, and any other relevant information. *See Ash v. State*, 930 S.W.2d 192, 195 (Tex. App.— Dallas 1996, no pet.).

The relevant application portion of the charge read as follows:

> Now, if you find from the evidence beyond a reasonable doubt that on or about July 9th 2013 in Dallas County, Texas, the defendant, Gregory Allen Robinson Jr., did then and there unlawfully, knowingly or intentionally enter a building without the effective consent of Ameer Ali and Dairy Way Mart, the owner

–6–

thereof, and did then and there commit a theft, then you will find the defendant guilty as charged in the indictment.

The jury charge as a whole required the State to prove appellant "unlawfully, knowingly or intentionally enter[ed the] building;" the focus was on the nature of the conduct, not the result of the conduct as appellant asserts.

When we review the state of the evidence and argument of counsel, we find testimony from the police that when appellant was arrested he was wearing a white shirt and long pants–the same as the man wearing a ski mask, white shirt, and long pants on the surveillance video. The video shows the man in long pants carrying the pry bar used to break into the store and moving behind the cash register to look for cash and cigarettes. In closing argument, appellant's counsel even states, "he is inside the store, as he admits, helping this fellow New Orleans who he was indebted to to (sic) pick up all these cigarettes and the change and all that."

After reviewing the charge itself, the state of the evidence including contested issues, argument of counsel, and other relevant information, we conclude the jury charge error did not deny appellant a fair and impartial trial. *See Ash*, 930 S.W.2d at 195. Accordingly, we resolve appellant's second point of error against him.

In appellant's third point of error, he complains the trial court erred by including a definition of reasonable doubt in the jury charge. The instruction in question read: "It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all 'reasonable doubt' concerning the defendant's guilt."

Appellant's argument lacks merit and we have consistently rejected this exact same argument. *See O'Canas v. State*, 140 S.W.3d 695, 700-02 (Tex. App.—Dallas 2003, pet. ref'd); *Gullatt v. State*, No. 05-13-01515-CR, 2014 WL 7499045, *2 (Tex. App.—Dallas Dec. 29, 2014, no pet. h.) (mem. op., not designated for publication); *Menyweather v. State*, No. 05–13–01108–

CR, 2014 WL 6450826, at *3 (Tex. App.—Dallas Nov. 18, 2014, no pet. h.) (mem. op., not designated for publication); *Williams v. State*, No. 05-12-01465-CR, 2014 WL 3756305, *4–5 (Tex. App.—Dallas July 30, 2014, pet. ref'd) (mem. op., not designated for publication); *Williams v. State*, No. 05-12-01725-CR, 2014 WL 2921614, *3 (Tex. App.—Dallas June 25, 2014, no. pet.) (mem. op., not designated for publication); *Valencia v. State*, No. 05-12-01396-CR, 2014 WL 1056615, *7 (*Tex. App.—Dallas Mar. 18, 2014, no pet.) (mem. op., not designated for publication); *Anderson v. State*, 05-13-00253-CR, 2013 WL 6870013, *3–4 (Tex. App.—Dallas Dec. 31, 2013, no pet.) (mem. op., not designated for publication); *Pierce v. State*, No. 05-12-01211-CR, 2013 WL 6196275, *7–8 (Tex. App.—Dallas Nov. 25, 2013, no pet.) (mem. op., not designated for publication). Further, the court of criminal appeals has concluded a trial court does not abuse its discretion by giving this instruction. *Mays v. State*, 318 S.W.3d 368, 389 (Tex. Crim. App. 2010) (citing *Woods v. State*, 152 S.W.3d 105, 114–15 (Tex. Crim. App. 2004)). Accordingly, we once again decline appellant's invitation to overrule *O'Canas*, and we resolve appellant's third point of error against him.

*Transfer Order*

In appellant's fourth issue, he argues the trial court lacked jurisdiction to hear this case and render judgment, and the judgment is therefore void. Appellant bases his argument on the lack of an order transferring the case.

In this case, appellant failed to file a formal plea to the jurisdiction with the trial court. Consequently, appellant has failed to preserve this complaint for appeal. *See Lemasurier v. State*, 91 S.W.3d 897, 899 (Tex. App.–Fort Worth 2002, pet ref'd*); Gullatt*, 2014 WL 7499045 at *3 (fact that no transfer order contained in record is procedural matter, not jurisdictional; defendant who fails to file a plea to the jurisdiction waives his complaint). Accordingly, we resolve appellant's fourth issue against him.

*Conclusion*

Having resolved appellant's four issues against him, we affirm the trial court's judgment.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE, ASSIGNED

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b).

140521F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

GREGORY ALLEN ROBINSON, JR,
Appellant

No. 05-14-00521-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1334479-R.
Opinion delivered by Justice O'Neill.
Justices Myers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of April, 2015.